41628. ARMOUR & COMPANY v. YOUNGBLOOD.

BELL, Presiding Judge. The holding in *Armour & Co. v. Youngblood*, 107 Ga. App. 505 (130 SE2d 786), a former appearance of the same case before this court, constitutes the law of the case. Since occurrence of the facts there recited, the employer again discontinued paying the compensation, and the claimant filed another petition pursuant to *Code* § 114-711 in Tift Superior Court, which rendered judgment for claimant for accrued compensation for the period from November 20, 1961, to August 3, 1965, in accordance with the approved agreement of March 31, 1959. Error is enumerated on this judgment of the trial court. It does not appear in the record that the approved agreement has at any time been modified, set aside, or terminated in any of the ways provided by law. The only difference between the former case and this one is that here additional compensation has accrued to the claimant.

*Judgment affirmed. Frankum and Hall, JJ., concur.*

ARGUED NOVEMBER 4, 1965—DECIDED JANUARY 19, 1966—REHEARING DENIED FEBRUARY 8, 1966.

*Whelchel & Whelchel, Hoyt H. Whelchel, Jr.,* for appellant. *G. Gerald Kunes,* for appellee.

74

ON MOTION FOR REHEARING.

BELL, Presiding Judge. The employer in his motion continues to insist that there is pending before the board an application for a hearing to determine a change in condition which fact authorizes the employer to discontinue the payment of compensation until such time as the board shall make a new award on the application. *Gentry v. Georgia Cas. &c. Co.*, 109 Ga. App. 294 (136 SE2d 26); *Crowe v. Quilted Textile Corp.*, 113 Ga. App. 68; *Jenkins v. Reliance Ins. Co.*, 113 Ga. App. 70.

There is no merit in this contention as there is no application pending before the board for a hearing upon change in condition.

The employer seems not to comprehend the difference between the first judgment of the superior court entered by it in the course of an ordinary appeal from an award of the board and the separate and distinct judgment of the superior court entered under *Code* § 114-711. In the previous appearance of the case in this court (107 Ga. App. 505), the former judgment was the law of the case. It was a judgment from which "There was no appeal taken . . . by either party within the time provided by law." (This quote is taken from the bill of exceptions in the previous case prepared by employer's counsel and certified as true by the trial judge.) Thus whether right or wrong the first judgment of the trial court became the law of the case. The effect of that judgment was two-fold: (1) to affirm the board's finding that it has no jurisdiction of the application for a hearing which the board construed as one for "Change in Condition" (hence there is no hearing pending before the board on a change in condition); and (2) to reverse the board "insofar as his award had the effect of holding that the claimant was not entitled to receive any more compensation under the original approved agreement." *Armour v. Youngblood*, 107 Ga. App. 505, 507, supra. Thus, under the bill of exceptions in the previous appearance of this case, all that this court had authority to consider was the validity of the *other and separate* judgment of the superior court which had been entered under *Code* § 114-711. This latter judgment of the trial court entered under *Code* § 114-711 should not be confused with the earlier judgment which had become the law of the case. In

its proper scope the only holding of this court was to affirm the second separate judgment of the trial court which ordered payment of unpaid compensation accrued under an approved agreement extant in the case. The discussion pertaining to the correctness or incorrectness of the first judgment of the trial court together with the discussion regarding the two judgments in combination was mere obiter dictum. The latter judgment of the trial court merely gave effect to the previous judgment of that court which had become the law of the case.

Under the circumstances in this case affirmance is demanded of the judgment appealed from (still another judgment entered by the superior court under *Code* § 114-711) where the circumstances remain unchanged and there exists an approved agreement to pay compensation which the employer has refused to honor.

*Motion for rehearing denied. Frankum and Hall, JJ., concur.*