## 31741. WEST POINT PEPPERELL, INC. v. SPRINGFIELD.

PER CURIAM.

The primary issue raised in this appeal is whether Code Ann. § 114-711 is unconstitutional in that it denies procedural due process to a party against whom a judgment is entered. The appellant's contention is that

this statute does not provide for notice and a hearing before the entry of a judgment or within a reasonable time after the entry of a judgment.

This statute provides in essence that after an order or decision of the State Board of Workmen's Compensation requiring periodic payments has become final, the proper trial court may, upon application, enter a judgment and issue an execution based upon the board's final award. This, in effect, is the equivalent of a judicial determination of the amount due under the board's final award, rendering judgment in that amount, and issuing an execution for that amount.

The complaint of the employer-insurer, against whom the judgment is entered and against whom the execution is issued, is that the entry and the issuance take place without prior notice to the employer-insurer and without affording the employer-insurer an opportunity for a meaningful hearing. There is then the further contention that this amounts to a deprivation of property without due process of law in violation of both the Federal and Georgia Constitutions. North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U. S. 601 (1974).

In this case the trial judge, upon application, entered a judgment apparently based on the board's final award. The judgment was in the amount of $1,092. Because the employer-insurer did not have prior notice and an opportunity for a hearing before the entry of the judgment, it moved in the trial court to set the judgment aside. The trial court then entered a judgment denying the motion to set aside, and the employer-insurer has appealed.

We hold that Code Ann. § 114-711 is not unconstitutional for failure to provide for notice and a hearing. The entry of a judgment and the issuance of an execution under this statute are administrative only. It is the equivalent of a determination of an amount due under a former final periodic-payment judgment. And the entry of the judgment and issuance of an execution under this statute do not amount to a "taking" or deprivation of property.

In another case involving this principle, we said: "Sniadach and its progeny are not applicable in this case.

The mere issuance and recording of an execution in the general execution docket is not a 'taking' of the property of the defendant in execution. The defendant in execution is in no way deprived of the possession or use of his property. Before a 'taking' pursuant to the execution can be effected, it is necessary that there be a levy pursuant to the execution and a sale by the levying officer. In such a situation Georgia procedure provides adequate notice and provision for a hearing if the defendant in execution contends that the levy and sale pursuant to the levy are proceeding illegally." *Wood v. Atkinson,* 231 Ga. 271 (201 SE2d 394) (1973).

Though rendering a judgment and recording an execution under Georgia law hamper the sale or alienation of real property, these two acts do not amount to a taking or deprivation in the constitutional sense. The judgment debtor and defendant in execution still has the use of the property.

In *Wood v. Atkinson,* supra, we also held that if the execution was invalid for any reason, or if it was issued in an erroneous amount, "the defendant in execution has ample opportunity to contest such illegality under Georgia procedure prior to the time of the 'taking' of his property." P. 272.

However, the appellant argues here that an affidavit of illegality (Code Ann. Ch. 39-10) cannot contest the judgment entered and execution issued pursuant to Code Ann. § 114-711. This argument is without merit because if the administrative judgment and execution issued under Code Ann. § 114-711 are not correctly based upon the former and final underlying judgment (the board's final award), they are subject to contest by means of an affidavit of illegality. Code Ann. § 39-1009 provides: "If the defendant shall not have been served and does not appear, he may take advantage of the defect by affidavit of illegality; but if he shall have had his day in court, he may not go behind the judgment by an affidavit of illegality."

We think this statute means that the appellant here could not, by affidavit of illegality, attack the final judgment awarding periodic payments, the board's final award. However, appellant can attack, by affidavit of

illegality, the administrative judgment rendered pursuant to Code Ann. § 114-711, because, with respect to it, he did not have his day in court before its entry.

While we think that it would be better if Code Ann. § 114-711 provided for notice and an opportunity for a hearing, we do not deem it unconstitutional for that shortcoming. Before there is an actual taking or deprivation in the constitutional sense, the judgment debtor and defendant in execution can have his day in court by affidavit of illegality.

The other issues raised in this appeal, though applicable to another judgment between the same parties and not the judgment appealed from in this case, have been decided adversely to the appellant by the Court of Appeals. See *West Point Pepperell, Inc. v. Springfield,* 140 Ga. App. 530 (231 SE2d 811) (1976).

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Ingram and Hill, JJ., concur. Hall, J., concurs in the judgment only.*

Argued January 10, 1977 — Decided April 21, 1977.

*McCamy, Minor, Phillips & Tuggle, J. T. Fordham,* for appellant.

*Mitchell, Mitchell, Coppedge, Boyett & Wester, Warren N. Coppedge, Jr.,* for appellee.