## 55359. AMERICAN MOTORIST INSURANCE COMPANY et al. v. CORBETT.

DEEN, Presiding Judge.

1. Evidence that a certain state of facts or bodily condition exists plus opinion testimony that the state of facts shown *could* or *might* have resulted in the bodily condition proved to exist is sufficient to authorize the finder of fact to conclude that the facts testified to were a contributing proximate cause of the physical disability, if he finds additionally that the physical disability exists. *Burson v. Howell,* 112 Ga. App. 675, 677 (145 SE2d 718); *Hardwick v. Price,* 114 Ga. App. 817 (1) (152 SE2d 905); *J. D. Jewell, Inc. v. Peck,* 116 Ga. App. 405 (157 SE2d 806); *City Council of Augusta v. Williams,* 137 Ga. App. 177 (2)

(223 SE2d 227).

2. An uncontested agreement to pay workman's compensation filed with and approved by the board is res judicata as to the matters set out therein. *Security Ins. Group v. Gillespie,* 125 Ga. App. 163 (1) (186 SE2d 575). The agreement in this case establishes that the claimant suffered a back injury, employment related, on June 25, 1974. Payment ceased when he returned to work on July 15. A supplemental agreement reflecting these facts and reciting that disability had ceased was filed and approved. The claimant continued to receive treatment for an injury to his hand and thumb. On January 17, 1975, he complained to his doctor of increased back pain. Following examination he was almost immediately hospitalized and underwent surgery, a laminectomy for a ruptured disc. Over a period of time three other operations were performed in an effort to alleviate the pain and disability to that area. The employee, who had been engaged in heavy lifting, was released for "light work" in September, 1975, but none was available. We find these facts meet the test set out in the first headnote. The evidence supports a finding of total disability resulting from the fall.

3. Although the administrative law judge hearing the case in November, 1975, found for the claimant he declined to assess attorney fees. The employer appealed to the full board which took additional testimony, including medical, and found among other facts a failure by the employer to live up to its offer of "light work" made during the course of the original hearing. The full board, after examining the original testimony, awarded attorney fees to the claimant in its award published September 23, 1976. Still other proceedings delayed a final award until July, 1977. We have carefully examined the record and the brief in this court in determining whether the award of attorney fees to the claimant under Code § 114-712 is totally unsupported by evidence. The brief of counsel for the employer and insurer contends that "it is their genuine belief that the claimant's back problems are unrelated to his accident of June, 1974, and unrelated to his employment generally." This contention is strongly against the weight of the evidence. Further, that the original injury was to the back is res judicata, and there is

no suggestion in this change of condition hearing that any other intervening cause brought on the ruptured disc. Whether or not reasonable grounds for resisting the award exist is an issue of fact for the board to determine. *Meeks v. Travelers Ins. Co.,* 119 Ga. App. 569 (167 SE2d 927); *McCoy v. J. D. Jewell, Inc.,* 123 Ga. App. 175 (179 SE2d 654). The judgment must accordingly be affirmed.
    *Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 2, 1978 — DECIDED FEBRUARY 16, 1978.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr., Woodson T. Drumheller,* for appellants.
    *Freeman & Hawkins, William Q. Bird,* for appellee.