69753. KINGERY BLOCK & CONCRETE COMPANY et al. v. LUTTRELL.
(330 SE2d 181)

BIRDSONG, Presiding Judge.

Workers' Compensation — Enforcement of Award. Bobby Luttrell was employed as a truck driver for Kingery Block & Cement Company. On or about December 27, 1982, while driving on a mission for Kingery Block, Luttrell experienced a shift in a load of concrete block. While trying to restack the load, Luttrell suffered a "pop" in his back. Subsequently, he was diagnosed and treated for a herniated disc. Luttrell filed a complaint against his employer, Kingery Block, for workers' compensation.

At a hearing by the ALJ on April 4, 1983, considering that claim, the ALJ for reasons announced in the award, denied compensation to Luttrell. Luttrell appealed the award of the ALJ to the full board. On November 4, 1983, the full board modified the award of the ALJ and found present total disability arising out of the work-related injury and awarded Luttrell $135 per week compensation to continue until

further order of the board. Additionally, the employer was directed to pay all reasonable medical expenses arising out of the injury. Compensation was awarded effective December 28, 1983. Kingery Block appealed this award to the superior court. Luttrell cross-appealed the award complaining the board erred in not awarding additionally 20 percent penalties and attorney fees. On May 1, 1984, the superior court affirmed the award of $135 per week and reasonable medical expenses, finding some evidence to support the award. Luttrell's cross-appeal was dismissed. No appeal was taken either by Kingery Block or Luttrell of the action of May 1, 1984; thus the action of the superior court became the law of the case as a final action.

The file reflects that, on or about May 29, 1984, Luttrell requested of Kingery Block that no payment be made immediately but be delayed until counsel for Luttrell could refigure the amount due under the award. Kingery Block was assured that statutory penalties would not be sought during the delay. On June 5, 1984, counsel for Luttrell filed a demand with Kingery Block for compensation based upon total and partial temporary disability (the latter apparently because Luttrell had secured employment with another employer). Kingery disputed the amount of the compensation (an amount different from a simple addition of $135 per week) and payment was not made.

Luttrell, relying upon the provisions of OCGA § 34-9-106, filed a petition with the superior court seeking an enforcement judgment based upon the unappealed award of May 1, 1984. In that petition, Luttrell sought a sum certain ($6,105.25) for the temporary total and partial disability through April 13, 1984, plus a 20 percent penalty ($1,221.05) for a total award of $7,326.30. On August 9, 1984, the superior court issued ex parte an enforcement order awarding Luttrell the amount demanded.

On September 7, 1984, Kingery Block filed its motion for discretionary appeal in a timely fashion. This court, construing OCGA § 34-9-106 to involve an exercise of an enforcement power of a trial court and not a power arising out of the review of a workers' compensation claim, dismissed the application for discretionary appeal, holding the discretionary appeal did not lie within contemplation of OCGA § 5-6-35.

Apparently because of the uncertainty of the applicable appellate process, Kingery Block also filed a direct appeal on August 20, 1984. Appropriate enumerations of error, supporting briefs and opposing briefs have been filed as a part of this direct appeal. *Held*:

In the unappealed affirmance of the superior court of May 1, 1984, the court affirmed an award of the full board calling for Kingery Block to pay Luttrell $135 per week commencing December 28, 1982, and continuing until further order of the board or as authorized by

law. Also it ordered all medical expenses reasonably related to effect a cure or to give relief were to be borne by Kingery Block, subject to a hearing at the request of any party to resolve a dispute. In its order of October 9, 1984, the same court ordered Kingery Block to pay Luttrell $6,105.25 in workers' compensation benefits through April 13, 1984, plus an additional $1,221.05 statutory penalty making a total judgment of $7,326.30. This judgment was based upon Luttrell's petition to the superior court seeking enforcement of the May 1 award under the provisions of OCGA § 34-9-106. However, Luttrell claimed $6,105.25 for temporary total and temporary partial benefits plus 20 percent penalty for failure of prompt payment. Simple mathematics show that Luttrell was not seeking to enforce the award as affirmed on May 1, 1984. The award for the period claimed would have amounted to at least $7,300, excluding any claim for penalties.

It is clear, however, that the power of the superior court was limited to an enforcement of the final award of the full board. That award contained no award based upon temporary partial disability nor did it contain any provisions for penalties. In fact, Luttrell's cross-appeal on that very issue had been denied and dismissed by the superior court on the original appeal to the superior court. See *Armour & Co. v. Youngblood*, 113 Ga. App. 73, 74-75 (147 SE2d 351). To the same effect, see *Davis v. Aetna Cas. &c. Co.*, 169 Ga. App. 825, 826 (314 SE2d 913) and *Jenkins v. Reliance Ins. Co.*, 113 Ga. App. 70, 72 (147 SE2d 343). It follows the superior court exceeded the authority granted it under the provisions of OCGA § 34-9-106. The case will be reversed and remanded to the superior court for reconsideration and issuance of a judgment pursuant to OCGA § 34-9-106 which is consistent with and within the parameters of this decision.

*Judgment reversed and case remanded with direction. Carley and Sognier, JJ., concur.*

DECIDED APRIL 3, 1985.

*Susan V. Sommers, Glenn S. Bass, Alfred A. Quillian*, for appellants.
*Lawson A. Cox II, Michael K. Jablonski*, for appellee.