A91A0466. TOLLESON LUMBER COMPANY et al. v. KIRK.
A91A0662. AMERICAN INTERSTATE INSURANCE COMPANY
et al. v. SOUTHERN GENERAL INSURANCE COMPANY et al.
(409 SE2d 260)

COOPER, Judge.

We granted these discretionary appeals to address the issue of whether under OCGA § 34-9-206, a motor vehicle personal injury protection ("PIP") carrier which covered certain medical expenses of the claimant, can be a party at interest to a workers' compensation claim.

The claimant, Roy Kirk, filed a claim for workers' compensation benefits alleging an injury which arose in the course of his employment with his statutory employers Jackie Smith d/b/a Smith Trucking Company, George Smith d/b/a Smith Logging Company and Tolleson Lumber Company, Inc. While the claim was pending, Smith Trucking Company's PIP carrier, Southern General Insurance Company ("Southern General"), covered medical expenses incurred by claimant. Subsequently, the ALJ entered an order stating that upon request, Southern General was added as a party at interest to the claim. The original parties, claimant, his employers and their respective insurers, filed a joint objection to the joinder of Southern General as a party in interest on the grounds that OCGA § 34-9-206 only provided for joinder of a group insurance company or "other health care

provider." The ALJ entered an order dismissing Southern General as a party at interest, concluding that the term "health care provider" as used in OCGA § 34-9-206 referred only to those entities which provided treatment. Southern General appealed the ALJ's decision to the full board and while the appeal was pending the full board approved a settlement agreement entered into between the original parties. Southern General was not a party to the settlement proceedings. Southern General then appealed the decision of the full board approving the settlement to the superior court. The superior court entered an order setting aside the decision of the full board approving the settlement and remanded the case to the full board for Southern General to be included as a party at interest. The superior court specifically found that Southern General was an "other health care provider" within the meaning of OCGA § 34-9-206. The full board apparently approved the settlement again, although this order is not in the record, and on appeal of that decision, the superior court entered another order setting aside the full board's approval of the settlement and again found that Southern General was an "other health care provider." In Case No. A91A0466, appellants, the employers and their respective insurers, appeal the superior court's first order setting aside the decision of the board, and in Case No. A91A0662, appellants appeal the superior court's second order.

1. Appellants first contend that the trial court erred in ruling that the full board did not have authority to approve the settlement while Southern General's appeal of the ALJ's decision dismissing Southern General as a party was pending before the full board. As an interested party, Southern General would have had the right to move for a hearing in the claimant's case. Also, under Rule 15 (a) Southern General would have been included in the caption to the settlement agreement; therefore, Southern General could have made known to the board that it sought reimbursement for medical expenses paid on behalf of the claimant. Although the board in its discretion may have approved the settlement in spite of any objection it may have had to it, we conclude that the board's approval of the settlement while Southern General's appeal was pending deprived Southern General of any meaningful opportunity to exercise its rights as a party at interest. Therefore, we find appellant's first enumeration of error to be without merit.

2. Appellants next contend that the superior court erred in concluding that Southern General should be included as a party at interest within the meaning of OCGA § 34-9-206 (a). Prior to the 1990 amendment, which is not applicable in this case, OCGA § 34-9-206 (a) provided: "A group insurance company or other health care provider who covers the costs of medical treatment for a person who subsequently files a claim under this chapter may give notice in writing to

the board . . . that such provider is a party at interest." The amended statute provides: "Any party to a claim under this chapter, a group insurance company, or other health care provider who covers the costs of medical treatment for a person who subsequently files a claim under this chapter may give notice in writing to the board . . . that such provider is or should be a party at interest as a result of payments made in the employee's behalf for medical treatment." Appellants argue that the phrase "other health care provider," as used in the applicable statute, is limited to those facilities which actually provide treatment to the claimant. We find nothing in the wording of the statute which would limit its applicability as appellants suggest. The only requirement of the statute is that the provider must have covered the costs of medical treatment. Southern General having covered the costs of claimant's medical treatment, we hold that the superior court properly found that it was an "other health care provider" within the meaning of the statute.

Appellants also argue that the statute only applies when the workers' compensation claim is filed subsequent to the payment of medical benefits by the other health care provider. Under appellants' construction of the statute, a provider who covers the costs of medical expenses for a person before that person files a workers' compensation claim, cannot recover even if the provider had no knowledge that the person had filed a claim. We believe that such a construction would lead to unreasonable results. " '(I)n construing [a] statute so as to give effect to the legislative intent a mere segment of the statute should not be lifted out of context and construed without consideration of all the other parts of the statute.' [Cit.]" *Mansfield v. Pannell*, 194 Ga. App. 549, 551 (390 SE2d 913) (1990). Furthermore, " ' "[i]t is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature." (Cit.) "The construction must square with common sense and sound reasoning." (Cit.)' [Cit.]" *Stacey v. Caldwell*, 186 Ga. App. 293 (1), 295 (367 SE2d 73) (1988). The construction proposed by appellant would allow similarly situated PIP carriers to be treated differently based on when the claimant filed his workers' compensation claim. Such a distinction is without a rational basis and raises serious equal protection questions. Cf. *State Farm &c. Ins. Co. v. Five Transp. Co.*, 246 Ga. 447 (1) (271 SE2d 844) (1980). We conclude that the trial court properly construed the statute as not requiring that the benefits be provided before the claim is filed.

For the foregoing reasons, we affirm the decision of the trial court.

*Judgments affirmed. Birdsong, P. J., and Pope, J., concur.*

692

DECIDED JULY 5, 1991 —
RECONSIDERATION DENIED JULY 29, 1991.

■■■■■■■■

*Lowendick & Speed, J. Wallace Speed, Charles G. Hoey, David C. Woll, Jr.,* for Tolleson Lumber and Lumbermen's Underwriting.
*Malcolm G. Lindley,* for Kirk.
*Swift, Currie, McGhee & Hiers, Joseph A. Munger,* for Smith and American Interstate Insurance.
*Jones, Cork & Miller, Rufus D. Sams III, Dorothy J. Adams,* for Southern General Insurance.