A93A1074. GEORGIAN ART LIGHTING DESIGNS, INC. v. GWINNETT COUNTY BOARD OF TAX ASSESSORS.

(439 SE2d 687)

COOPER, Judge.

Appellant appeals the trial court's grant of summary judgment to appellee, the Gwinnett County Board of Tax Assessors. The issue on appeal is whether the board correctly disallowed appellant's claim to the freeport exemption provided by OCGA § 48-5-48.2.

Appellant filed personal property tax returns for the years 1988, 1989 and 1990 and also filed the necessary applications and schedules to receive the 80 percent freeport exemption from ad valorem taxation on personal property in Gwinnett County. Appellee conducted an audit of appellant's personal property tax returns for those years, and the auditor discovered large discrepancies between the costs of inventory and supplies listed on appellant's schedules and the costs listed on appellant's financial statements. As a result, appellee proposed additional assessments for each of the tax years in question and imposed a ten percent penalty on the additional assessment. Appellee also refused to allow appellant the freeport exemption on the newly assessed property. Appellant did not contest the propriety of the additional assessments or the ten percent penalty but appealed the assessment to the Board of Equalization, contending that the freeport exemption should be allowed in determining the taxable value of the newly assessed property. The Board of Equalization ruled in appellant's favor, granting it the exemption. Pursuant to OCGA § 48-5-311 (f) (1), appellee appealed the board's ruling to the Superior Court of Gwinnett County. After hearing arguments on the parties' cross-motions for summary judgment, the trial court granted appellee's motion, concluding that appellant did not properly file for the freeport exemption and therefore waived its entitlement to the freeport exemption.[1]

---

[1] Although the trial court did not expressly deny appellant's motion for summary judgment, such denial is implicit in the trial court's ruling that appellant waived its entitlement

OCGA 48-5-48.1 authorizes a freeport exemption in Georgia, and provides in pertinent part: "Any person, firm, or corporation seeking an exemption from ad valorem taxation of certain tangible personal property inventory when such exemption has been authorized by the governing authority of any county or municipality after approval of the electors of such county or municipality pursuant to the authority of the Constitution of Georgia or Code Section 48-5-48.2 shall file a written application and schedule of property with the county board of tax assessors on forms furnished by such board. Such application shall be filed in the year in which exemption from taxation is sought no later than the date on which the tax receiver or tax commissioner of the county in which the property is located closes his books for the return of taxes." OCGA § 48-5-48.1 (a). The statute further provides that "[t]he failure to file properly the application and schedule shall constitute a waiver of the exemption on the part of the person, firm, or corporation failing to make the application for such exemption for that year." OCGA § 48-5-48.1 (c).

"The burden of proof in the superior court was on [appellee], as the part[y] who initiated the appeal to that court. [Cit.]" *Hawkins v. Grady County Bd. of Tax Assessors*, 180 Ga. App. 834 (3) (350 SE2d 790) (1986). Appellant contends it is entitled to the freeport exemption because it complied with the statutory requirements of OCGA § 48-5-48.1 (a) by timely filing its personal property tax returns. However, appellee argues that since appellant understated the value of its inventory on the tax returns, appellant did not "file properly" the freeport exemption application and schedule as required by OCGA § 48-5-48.1 (c). Therefore, appellee contends that appellant is not entitled to claim the freeport exemption for property it failed to report on its tax returns. "[T]he applicable rule of statutory construction is that 'forfeitures and penalties are not favored and statutes relating to them must be strictly construed, and in a manner as favorable to the person against whom the forfeiture or penalty would be exacted as is consistent with fair principles of interpretation.'" (Citations and punctuation omitted.) *TEC &c. v. DeKalb County Bd. of Tax Assessors*, 170 Ga. App. 533, 536 (1) (317 SE2d 637) (1984). Appellee suggests that we construe the statute broadly to mean that an application for the freeport exemption is not properly filed unless the application and accompanying schedules accurately and without error reflect the value of property for which the exemption is sought. "[I]t is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by

to the exemption.

the legislature. The construction must square with common sense and sound reasoning." (Citations and punctuation omitted.) *Tolleson Lumber Co. v. Kirk*, 200 Ga. App. 689, 691 (2) (409 SE2d 260) (1991). To apply the statute as appellee suggests would require the taxpayer to forfeit its statutory right to the freeport exemption on property not accurately reported on the application. We decline to place a construction on the statute when there is an existing statute which exacts a penalty on a taxpayer who fails to report the full value of personal property. See OCGA § 48-5-299. Accordingly, we conclude that appellant was entitled to the freeport exemption, and the trial court erred in granting summary judgment to appellee.

*Judgment reversed. Beasley, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 30, 1993 —
RECONSIDERATION DENIED DECEMBER 20, 1993 —

*Thompson & Sweeny, Virgil L. Thompson, Jr., Melanie W. Biondi*, for appellant.

*Karen G. Thomas, Jonathan A. Weintraub, Caryl B. Sumner, M. Van Stephens II*, for appellee.