### A99A2023. AYERS v. REMBERT.
(527 SE2d 290)

ELDRIDGE, Judge.

Keith Ayers d/b/a Advanced Materials appeals from a judgment ordering it to pay former employee Richard Rembert money owed to him under a workers' compensation award, including a penalty for late payment. Advanced Materials challenges the authority of the superior court to include the penalty in its judgment. We find that the superior court acted within its statutory authority and affirm.

On May 5, 1997, Rembert experienced a sharp pain in his lower back while cleaning the plant floor. He returned to work the next day and experienced additional lower back pain while lifting several par-

tially filled 55-gallon drums. He left the plant and reported to the emergency room. Subsequently, Rembert missed several days of work and was terminated on May 12, 1997. Rembert was eventually diagnosed with a herniated disk.

Rembert filed a claim with the State Board of Workers' Compensation (the "Board") seeking temporary total disability benefits from the date of the May 5, 1997 accident, along with medical expenses and attorney fees. An administrative law judge (the "ALJ") heard the claim and awarded Rembert medical expenses, $300 a week in temporary total disability benefits and attorney fees in the amount of 25 percent of the temporary total disability benefits.

The appellate division of the Board adopted the findings of the ALJ. On appeal by Advanced Materials, the superior court affirmed the Board award. Rembert subsequently petitioned the superior court for a judgment pursuant to OCGA § 34-9-106, representing by affidavit that no monies had been paid to him by Advanced Materials as required by the Board's award. The superior court entered a judgment on April 27, 1999, directing that Rembert recover from Advanced Materials "indemnity benefits" accrued as of February 24, 1999, of $28,200, medical expenses of $2,216.73, attorney fees of $7,050 and a 20 percent penalty of $5,640.

Advanced Materials' sole contention is that the superior court exceeded its statutory authority when it included the $5,640 penalty in its judgment because the Board had not found it liable for penalties.

OCGA § 34-9-106 provides a basis for converting a final order or decision of the Board to a judgment, which may then be enforced. Such a judgment may be issued ex parte, but does not amount to a taking or deprivation of property without due process. *West Point Pepperell v. Springfield*, 238 Ga. 655, 656 (235 SE2d 24) (1977). When issuing a judgment under OCGA § 34-9-106, a superior court may not change the award of the Board. *Wade v. Harris*, 210 Ga. App. 882, 884 (1) (437 SE2d 863) (1993). The function of the superior court is administrative and "equivalent [to the] determination of an amount due under a former final periodic-payment judgment." *Springfield*, 238 Ga. at 656.

When an employer fails to make payment under an existing Board award, OCGA § 34-9-221 (f) provides, in part, that "[i]f income benefits payable under the terms of an award are not paid within 20 days after becoming due, there shall be added to the accrued income benefits an amount equal to 20 percent thereof." The additional amount owed arises by operation of the statute. In *Cartersville Ready Mix Co. v. Hamby*, 224 Ga. App. 116 (479 SE2d 767) (1996), which concerned a late payment of workers' compensation income benefits, this Court found that:

> requiring resolution of the issue of whether a penalty is due[ ] is unnecessary. Such a procedure would add a layer of litigation and delay to the proceedings, in order to determine an issue over which no dispute usually exists. In this case, for example, no question exists that [the employer] was late in beginning to pay benefits; under the clear language of OCGA § 34-9-221 (e) an increased amount is therefore due the claimant. This issue needs no "resolution."

Id. at 118. The reasoning of *Hamby* is likewise applicable to subsection (f). Penalties accrue automatically by operation of the statute upon failure of the employer to pay in a timely fashion.

Advanced Materials argues that penalties must be authorized by an award of the Board in order to be included in a judgment of the superior court rendered under OCGA § 34-9-106. However, the fallacy of the argument is apparent inasmuch as the accrual of late penalties is dependent upon actions which occur following the initial award of the Board.

Advanced Materials relies heavily on *Kingery Block &c. Co. v. Luttrell*, 174 Ga. App. 481 (330 SE2d 181) (1985). In *Luttrell*, this court refused to affirm the judgment of a superior court rendered pursuant to OCGA § 34-9-106. However, the judgment was not merely an enforcement of an underlying Board award. Id. at 483. The superior court had directed the employer to make payment for temporary partial disability benefits, but temporary partial disability benefits were not included in the underlying Board award. This court properly refused to affirm penalties associated with the non-payment of benefits which the superior court had no authority to include in its judgment. The penalties in the instant case arose from the failure of the employer to make timely payment following the Board award.

Even if Advanced Materials had a "day in court" before the Board, the employer would have no legitimate issues to raise before the Board with respect to the late payment penalty other than its mathematical calculation or actual payment. Although the Board has the power to excuse a penalty imposed on an employer pursuant to OCGA § 34-9-221 (e), there is no corresponding language in OCGA § 34-9-221 (f), which is applicable here, allowing the Board to grant such relief to the employer.

There is no independent cause of action available to an employee for an employer's deliberate failure to make workers' compensation payments. *Bright v. Nimmo*, 253 Ga. 378, 381 (320 SE2d 365) (1984). Once a late payment penalty has accrued, there is no particularly compelling reason for an employer to make the payment, and if employees must enforce collection of late payment penalties in proceedings separate from the judgment for the overdue benefits,

employers will most likely make them do so. This result is not consistent with the purpose of the Workers' Compensation Act. "The Workers' Compensation Act was designed to provide immediate financial assistance to injured employees and to furnish a speedy, inexpensive and final settlement of their claims. [Cits.]" *Southeastern Aluminum Recycling v. Rayburn*, 172 Ga. App. 648, 649 (1) (324 SE2d 194) (1984).

The superior court calculated the penalty of 20 percent of Rembert's accrued income benefits in a manner consistent with the underlying award of the Board and in conformity with the Code. Therefore, we affirm the judgment of the superior court.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 30, 1999.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Kenneth A. David*, for appellant.

*Jack F. Witcher, Lee W. Fitzpatrick*, for appellee.