A02A1232. CITY OF ATLANTA v. SUMLIN.
(574 SE2d 827)

PHIPPS, Judge.

This workers' compensation case presents first impression issues as to the proper construction of OCGA § 34-9-104 (a) (2). The statutory provision was enacted in Ga. L. 1992, p. 1942, § 11, as part of a substantial revision of the Workers' Compensation Act.

Claimant Sumlin was injured on the job with the City of Atlanta on December 4, 1997, and has received full salary or temporary total disability benefits pursuant to OCGA § 34-9-261 since that time. His authorized treating physician initially approved him to perform work with limitations on October 29, 1998. The doctor then reaffirmed that Sumlin was capable of performing work with limitations on July 27, 2000, stating that the same limitations she had approved in 1998 have been in effect since that day.

On August 14, 2000, the employer filed with the State Board of Workers' Compensation and served on Sumlin a WC-104 form providing for a reduction of Sumlin's benefits from the temporary total disability benefits rate to the temporary partial disability benefits rate provided pursuant to OCGA § 34-9-262. Attached to the WC-104 form was the authorized treating physician's initial approval of Sumlin's ability to work with limitations on October 29, 1998, and the reaffirmation of that approval on July 27, 2000. On September 5,

2000, the employer filed a WC-2 form for suspension of benefits under OCGA § 34-9-104 with the Board.

Subsequently, the administrative law judge (ALJ) granted Sumlin's motion to maintain benefits at the temporary total disability benefits level pending a hearing on the issues arising from the attempt to reduce benefits. At the hearing, the employer presented uncontroverted testimony from its claims adjuster that the 78 aggregate weeks for temporary total disability benefits terminated on or about April 28, 2000, and that the employer continued to pay Sumlin temporary total disability benefits for an additional four months beyond the 78-week ceiling.

Following the hearing, the ALJ entered its order concluding that the doctor's July 27, 2000 affirmation of her earlier release with restrictions was not sufficient to meet the requirement imposed by Board Rule 104 for an attached medical report from the authorized physician. Therefore, because the employer filed a WC-2 form for suspension of benefits under OCGA § 34-9-104 (a) (2) with the Board for the first time on September 5, 2000, and the initial approval of Sumlin's ability to work with limitations occurred on October 29, 1998, the ALJ determined that the employer did not provide the required notice to Sumlin within 60 days of his release to return to work with restrictions, and that, consequently, the employer did not comply with OCGA § 34-9-104 or Board Rule 104. Based on these conclusions, the ALJ held that the employer "shall not be allowed to reduce the Employee's temporary total disability income benefits to temporary partial disability income benefits at this time." The appellate division adopted the award of the ALJ, and the superior court affirmed.

1. OCGA § 34-9-104 (a) (2) provides in part that:

When an injury is not catastrophic, as defined in subsection (g) of Code Section 34-9-200.1, and the employee is not working, the board shall determine that a change in condition for the better has occurred and the employee shall be entitled to the payment of benefits for partial disability in accordance with Code Section 34-9-262 if it is determined that the employee has been capable of performing work with limitations or restrictions for 52 consecutive weeks. Within 60 days of the employee's release to return to work with restrictions or limitations, the employee shall receive notice from the employer on a form provided by the board that will inform the employee that he or she has been released to work with limitations or restrictions, will include an explanation of the limitations or restrictions, and will inform the employee of the general terms of this Code section. In no

event shall an employee be eligible for more than 78 aggregate weeks of benefits for total disability while such employee is capable of performing work with limitations or restrictions. . . .

And the related Board Rule 104 states that:

When suspending benefits pursuant to O.C.G.A. § 34-9-261 and also commencing benefits pursuant to O.C.G.A. § 34-9-262, under the authority of O.C.G.A. § 34-9-104 (a) (2), the employer/insurer shall file Form WC-2 and shall attach a copy of the authorized treating physician's report establishing that the employee has been released to return to work with restrictions or limitations, and must specify on Form WC-2 that the employee's injury has not been described as catastrophic within the meaning of O.C.G.A. § 34-9-200.1 (g), that the employee has been medically determined to be capable of performing work with limitations or restrictions for at least 52 consecutive weeks, or 78 aggregate weeks, and that Form WC-104 with an attached medical report, was sent to the employee no later than 60 days after the date that the employee was determined able to return to work with restrictions or limitations. The Form WC-2 and Form WC-104 with attachments shall be sent to the employee and to the employee's attorney at the same time these forms are filed with the Board.

The primary issue presented is whether the 78-week limit on temporary total disability benefits provided in OCGA § 34-9-104 (a) (2) is conditioned on compliance with the provision for notice from the employer to the employee within 60 days of the employee's release to return to work with restrictions or limitations. The Board has indicated an affirmative answer to this question not only by its judgment but also through the provisions of Board Rule 104 which condition an employer's suspension of temporary total disability benefits and commencement of temporary partial disability benefits on the employer's compliance with the notice within 60 days provision.

OCGA § 34-9-60 (a) empowers the Board to make rules to carry out the Workers' Compensation Act. "The interpretation of a statute by the agency charged with enforcing or administering its provisions is to be given great weight and deference, unless contrary to law."[1]

---

[1] (Footnotes omitted.) *Smith v. Mr. Sweeper Stores*, 247 Ga. App. 726, 729 (1) (544 SE2d 758) (2001).

We find the Board's interpretation of OCGA § 34-9-104 (a) (2) to be reasonable and legally correct.

While the legislature has emphasized the mandatory nature of the limitation on benefits by stating that *"[i]n no event shall an employee be eligible for more than 78 aggregate weeks of benefits for total disability while such employee is capable of performing work with limitations or restrictions . . ."*[2] this wording is no more compelling than the use of the mandatory "shall" in connection with the notice requirement.[3] The argument of the employer makes no attempt to describe how the two provisions might be reconciled, but apparently would have us discard the inconvenient "notice" requirement. Yet, our duty is to find meaning in all portions of the statutory provision in a manner which avoids, if practical, any conclusion that the provisions are inconsistent or contradictory.[4] Considered separately, the meaning of each of the two provisions is certain and requires no construction. When considered together with a view to avoiding a futile result, a reasonable intendment is found only by finding that the provisions limiting benefits are contingent on an employer's compliance with the notice provision. Any other juxtaposition of the two provisions will discard one or provide an unintended result. We find no merit in the employer's assertion that the superior court failed to properly apply the provisions of OCGA § 34-9-104 (a) (2).

2. Next, the employer enumerates as error the assessment of attorney fees against it. Under OCGA § 34-9-108 (b) (1), attorney fees may be assessed only if "proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds. . . ."

The City took the position that it could reduce benefits under OCGA § 34-9-104 (a) (2), based on providing Sumlin notice of the doctor's July 27, 2000 affirmation of her earlier release which the ALJ later deemed insufficient under Rule 104, and after Sumlin did not return to work within 78 weeks of the initial release, even though 60-day notice was not given. As support for this position, the City relied on the attempt to remedy the absence of notice and upon the statutory provision that, "In no event shall an employee be eligible for more than 78 aggregate weeks of benefits for total disability while such employee is capable of performing work with limitations or

---

[2] (Emphasis supplied.) OCGA § 34-9-104 (a) (2).

[3] See *Ring v. Williams*, 192 Ga. App. 329, 330 (2) (384 SE2d 914) (1989) ("shall" ordinarily denotes command and not permission).

[4] *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975); *Boyles v. Steine*, 224 Ga. 392, 395 (162 SE2d 324) (1968); *Tolleson Lumber Co. v. Kirk*, 200 Ga. App. 689, 691 (2) (409 SE2d 260) (1991); *Undercofler v. Colonial Pipeline Co.*, 114 Ga. App. 739, 742-743 (152 SE2d 768) (1966); *Undercofler v. Capital Auto. Co.*, 111 Ga. App. 709, 716 (143 SE2d 206) (1965).

restrictions." Because these arguments demonstrate that the statute contains a degree of ambiguity and conflict which had never been previously interpreted by the appellate courts, the City's position was not "without reasonable grounds" and it should not be penalized for seeking clarification of the statute. Therefore, the award of attorney fees must be reversed.

3. Finally, there is no merit in the employer's contention that public policy requires a different construction of OCGA § 34-9-104 (a) (2). This argument is basically a non sequitur since the statute when properly construed is itself the governing manifestation of public policy. Moreover, public policy supports placing the burden of complying with the statute on the employer, who can avoid any overpayment of benefits by giving the 60-day notice.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 14, 2002 —
RECONSIDERATION DENIED DECEMBER 3, 2002

*Susan P. Langford, Jo Avery, Bruce P. Johnson*, for appellant.
*Clements, Clark & Sweet, Lawrence T. Clements*, for appellee.