### A03A1440. GWINNETT COUNTY BOARD OF TAX ASSESSORS v. STANDARD DISTRIBUTING & SUPPLY OF GEORGIA.

(587 SE2d 262)

MILLER, Judge.

The Gwinnett County Board of Tax Assessors (the Board) appeals from the trial court's grant of summary judgment to Standard Distributing & Supply of Georgia, Inc. (Standard) on the issue of whether the Gwinnett County Board of Equalization properly granted Standard a freeport exemption[1] for the fair market value of its inventory. Since the evidence fails to create a genuine issue of material fact and Standard was entitled to judgment as a matter of law, we affirm.

On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence demonstrates any genuine issue as to a material fact. *Blakey v. Victory Equip. Sales,* 259 Ga. App. 34, 35 (2) (576 SE2d 288) (2002). To prevail, the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law. Id.

In tax year 2001, Standard filed an application for a freeport exemption (see generally OCGA § 48-5-48.1), and reported an inventory value of $2,361,774. The Board conducted an audit, discovered that Standard had "under reported" its inventory by $710,532, and informed Standard that "the inventory value above the application does not receive the exemption." Standard appealed to the Gwinnett County Board of Equalization, which allowed Standard an exemption on the full reassessed value of its inventory. The Board appealed this ruling to the Gwinnett County Superior Court.

The parties stipulated that the true fair market value of the

---

[1] Under OCGA § 48-5-48.1, a taxpayer may obtain an exemption from ad valorem taxation of certain tangible personal property inventory (commonly referred to as the "freeport exemption") by filing a written application and schedule of property with the county board of tax assessors.

inventory was $3,072,306, and that the Board advised Standard that it refused to allow the exemption due to the fact that Standard "undervalued" its inventory. Both the Board and Standard moved for summary judgment. The Board moved for summary judgment on the ground that Standard failed to report inventory and that therefore under OCGA § 48-5-48.1 (c), Standard was only entitled to a freeport exemption for that portion of the inventory reported. The trial court granted Standard's motion and denied the Board's motion on the ground that there was no evidence that Standard failed to report inventory, and that as Standard only undervalued its inventory, it was entitled to a freeport exemption on the adjusted fair market value of the inventory.

1. The Board argues that the court erred in relying on *Georgian Art Lighting Designs v. Gwinnett County Bd. of Tax Assessors*, 211 Ga. App. 510 (439 SE2d 687) (1993), for the proposition that the statutory waiver of the freeport exemption applies only to unreported inventory and not to undervalued inventory. The Board contends that the subsequent amendment to OCGA § 48-5-48.1 shows that the legislature intended to change the law to provide for a partial waiver of the freeport exemption as measured by the amount of inventory that was undervalued. The Board focuses on the language of OCGA § 48-5-48.1 (c) (2) (A), which provides that "[t]he failure to report any inventory for which such exemption is sought . . . shall constitute a waiver of the exemption . . . in an amount equal to the difference between fair market value of the inventory as reported and the fair market value finally determined to be applicable to the inventory for which the exemption is sought. . . ."

In *Georgian*, supra, 211 Ga. App. at 510, an audit of the taxpayer's records revealed a discrepancy between the cost of inventory listed on the application for exemption and the cost listed on the taxpayer's financial statements. In that case, this Court rejected the argument that an application is not filed properly if it does not "accurately and without error reflect the value of property for which the exemption is sought," and "decline[d] to place [such] a construction on the statute when there is an existing statute which exacts a penalty on a taxpayer who fails to report the full value of personal property. See OCGA § 48-5-299." Id. at 511-512.

The Board is correct that OCGA § 48-5-48.1 was amended in 1997 after *Georgian* was decided. However, the amendment added that "[t]he failure to report any inventory," not an *undervaluing* of inventory, results in a waiver of the exemption. See OCGA § 48-5-48.1 (c) (2) (A). Moreover, this Court reaffirmed the holding in *Georgian* in a case decided subsequent to the amendment. See *William L. Bonnell Co. v. Coweta County Bd. of Tax Assessors*, 252 Ga. App. 151, 156-157 (2) (556 SE2d 159) (2001) (taxpayer did not fail to report

inventory, but undervalued inventory, and therefore did not waive the exemption). "The applicable rule of statutory construction is that forfeitures and penalties are not favored and statutes relating to them must be strictly construed, and in a manner as favorable to the person against whom the forfeiture or penalty would be exacted as is consistent with fair principles of interpretation." (Citation and punctuation omitted.) *Georgian*, supra, 211 Ga. App. at 511. Thus, the court did not err in relying on *Georgian* and in granting Standard's motion for summary judgment as Standard was entitled to an exemption on the full reassessed value of its inventory.

The Board further argues that Standard did not properly file the application for exemption. OCGA § 48-5-48.1 (c) (2) effectuates a waiver if the taxpayer fails to "file properly," which is defined as timely filing the application with a "complete schedule of the inventory" (see OCGA § 48-5-48.1 (c) (1)). The Board contends that since the type and amount of each item of inventory are not required to be listed on the application, the legislature must have intended "complete schedule" to mean the total inventory value. Thus, the Board concludes that since Standard did not report the correct value, it did not properly file the application and therefore waived a portion of its exemption. However, we see no authority for such a construction of the term "complete schedule." The schedule would not be incomplete simply because the listed value was inaccurate.

2. The Board contends that the trial court erred in finding that there was no evidence that Standard failed to report inventory. The Board argues that because Standard reported a greater inventory value on its 2002 federal tax return than on its application for freeport exemption, and used the same inventory valuation method for both, it is apparent that Standard failed to report some inventory. However, the parties stipulated that the Board advised Standard that it refused to allow the exemption due to the fact that Standard undervalued its inventory, not because Standard failed to report some of its inventory.

The court did not err in granting Standard's motion for summary judgment.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 10, 2003 — ▮▮▮▮▮▮▮

*Karen G. Thomas, Michael P. Ludwiczak*, for appellant.

*Andersen, Tate, Mahaffey & McGarity, James C. Joedecke, Jr., Jeffrey B. Hicks*, for appellee.