## A11A0660. J & D TRUCKING et al. v. MARTIN.
(712 SE2d 863)

ANDREWS, Judge.

At issue in this workers' compensation appeal is whether attorney fees were properly assessed against the employer/insurer pursuant to OCGA § 34-9-108. After the Appellate Division reversed the administrative law judge's (ALJ) assessment of attorney fees, and the Superior Court reversed the Appellate Division, the employer, J & D Trucking, and its workers' compensation insurer, American Interstate Insurance Company, appealed. For the following reasons,

we vacate the judgment of the Superior Court and remand.

Jimmy Martin was injured while working as the sole proprietor of J & D Trucking. J & D and American Interstate (the employer/insurer), agreed that Martin incurred a compensable injury, accepted the claim as "medical only," and paid for medical treatment while Martin continued to work. The employer/insurer agreed that, after Martin underwent surgery for the injury, he was disabled and unable to work as a result of the injury from May 26, 2009 to July 13, 2009. Without filing a notice to controvert pursuant to OCGA § 34-9-221 (d), or paying any income benefits to Martin during his disability, the employer/insurer requested a hearing at which it contended that, because Martin had failed to prove he received any wages from J & D, there was no basis under OCGA § 34-9-260 for the calculation of average weekly wages and payment of temporary total disability income benefits pursuant to OCGA § 34-9-261. Martin countered at the hearing that he proved his average weekly wages; that he was entitled to income benefits; and that he was also entitled to an assessment of attorney fees against the employer/insurer pursuant to OCGA § 34-9-108 (b) (1) or (2) for defending the income benefits issue without reasonable grounds, or for failing without reasonable grounds to comply with OCGA § 34-9-221 governing payment of income benefits.

Under OCGA § 34-9-261, "[w]hile the disability to work resulting from an injury is temporarily total, the employer shall pay or cause to be paid to the employee a weekly benefit equal to two-thirds of the employee's average weekly wage but not more than $500.00 per week. . . ." The employee's average weekly wage is calculated pursuant to methods set forth in OCGA § 34-9-260. To calculate income benefits payable to Martin, the ALJ used the method set forth in OCGA § 34-9-260 (1), which provides that, where the employee has worked

> in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks.

OCGA § 34-9-260 (1). The ALJ found that, during the 13 weeks prior to Martin's injury, his sole proprietorship, J & D, produced an average gross income of $8,458.28 per week, and an average net income of $1,541.32 per week after deduction of business expenses. The ALJ further found that Martin's practice in operating his sole proprietorship was to deposit all of the gross income into his only

checking account which he then used to pay business and personal expenses. The employer/insurer contended that, despite evidence of the income deposited into Martin's checking account, Martin issued no checks to himself for wages and therefore failed to prove that he received any wages from his business. The ALJ found that to accept this argument "would result in an absurdity" and "would require that [Martin] write himself periodic checks from his only checking account for 'wages' or 'salary' and then to deposit those checks back into the same checking account and use them to pay his business and personal expenses." Accordingly, the ALJ rejected the employer/insurer's argument that, because Martin's sole proprietorship made no payments to Martin specifically designated as wages or salary, he failed to carry the burden of proving his wages for the purpose of calculating benefits under OCGA § 34-9-260. Based on the evidence, the ALJ found that Martin proved by a preponderance of the evidence that he had an average weekly wage under OCGA § 34-9-260 sufficient to entitle him to disability income benefits pursuant to OCGA § 34-9-261 of $500 per week for the agreed period of disability. Because the ALJ also found under OCGA § 34-9-108 (b) (2) that the employer/insurer failed without reasonable grounds to comply with the provisions of OCGA § 34-9-221 requiring timely payment of income benefits or filing of a notice to controvert, the ALJ exercised his discretion to assess attorney fees against the employer/insurer and assessed fees in the amount of $12,690.

The employer/insurer appealed to the Appellate Division of the State Board of Workers' Compensation claiming that the ALJ erred: (1) by finding that Martin proved his average weekly wage; and (2) by assessing attorney fees on the basis that the employer/insurer failed to comply with OCGA § 34-9-221 without reasonable grounds. Under OCGA § 34-9-103 (a),

> the appellate division shall review the evidence and shall then make an award with findings of fact and conclusions of law. . . . The findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records.

The Appellate Division found that the ALJ correctly ruled that Martin met the burden of proving his average weekly wage and accepted the ALJ's findings of fact with respect to this issue. But based upon a review of the record, the Appellate Division found that the ALJ had no discretion to assess attorney fees because "we find the employer/insurer has not violated any provision of OCGA §

34-9-221 without reasonable grounds, and this claim has been defended reasonably as to determining the employee's correct average weekly wage and what amount, if any, [of] temporary total disability income benefits were due." As to this issue, the Appellate Division found that "the preponderance of competent and credible evidence in the record does not support" the ALJ's findings of fact in support of the conclusion that the employer/insurer failed without reasonable grounds to comply with the provisions of OCGA § 34-9-221. Martin appealed to the Superior Court of Grady County, which reversed the Appellate Division and reinstated the assessed attorney fees.

"[I]f after assessing the evidence of record, the appellate division concludes that the award does not meet the [evidentiary standards of OCGA § 34-9-103 (a)], the appellate division may substitute its own alternative findings for those of the ALJ, and enter an award accordingly." *Bankhead Enterprises v. Beavers*, 267 Ga. 506, 507 (480 SE2d 840) (1997). Where the Appellate Division rejects the ALJ's findings of fact as not supported by the preponderance of competent and credible evidence in the record and substitutes its own findings of fact, those findings "cannot be disturbed as long as there is any evidence to support it because neither the superior court nor the appellate court has the power to find facts." (Citations omitted.) *Hallisey v. Fort Howard Paper Co.*, 268 Ga. 57, 58-59 (484 SE2d 653) (1997). After rejecting the ALJ's findings of fact, however, the Appellate Division failed to make any substituted findings of fact. Accordingly, it is not possible for the Superior Court or this Court to review whether any evidence supports the Appellate Division's conclusion that the ALJ had no discretion to assess attorney fees because the employer/insurer did not violate OCGA § 34-9-221 without reasonable grounds.[1]

On this record, we vacate the judgment of the Superior Court reversing the Appellate Division and remand the case to the Superior Court with directions that the case be remanded to the Appellate Division for reconsideration in accordance with this opinion.

*Judgment vacated and case remanded. Smith, P. J., Barnes, P. J., Phipps, P. J., Mikell and Dillard, JJ., concur. McFadden, J., dissents.*

---

[1] Without making substituted factual findings, the Appellate Division could have accepted the ALJ's findings of fact as supported by a preponderance of the competent and credible evidence, and ruled as a matter of law whether those facts showed the employer/insurer violated OCGA § 34-9-221 without reasonable grounds. That application of law to the accepted facts would have been subject to de novo review by the superior and appellate courts. *Mechanical Maintenance v. Yarbrough*, 264 Ga. App. 181, 183 (590 SE2d 148) (2003); *Trent Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003).

MCFADDEN, Judge, dissenting.

I respectfully dissent. The material facts are not in dispute. With a single exception, the Appellate Division excised conclusions of law, not findings of fact. And there is no dispute about the single finding of fact excised — that the claimant needed and retained counsel to enforce this claim. The administrative law judge's conclusions of law were correct, and an award of attorney fees was authorized. The superior court correctly reinstated them.

I recognize that "the appellate division may substitute its own alternative findings for those of the ALJ, and enter an award accordingly." *Bankhead Enterprises v. Beavers*, 267 Ga. 506, 507 (480 SE2d 840) (1997). And I recognize that, consistent with the standard of review set out in *Bankhead* and the similar standard under prior law, we have often held that "[w]hether or not reasonable grounds for resisting the award exist is an issue of fact for the board to determine." *American Motorist Ins. Co. v. Corbett,* 144 Ga. App. 845, 847 (3) (242 SE2d 748) (1978).

But those cases so hold on the basis that a party's conduct — not its legal argument — is at issue. *American Motorist Ins. Co.*, supra at 846 (3) (discussing, inter alia, a finding of a "failure by the employer to live up to its offer of 'light work' made during the course of the original hearing"); *McCoy v. J. D. Jewell, Inc.,* 123 Ga. App. 175, 175-176, 177 (179 SE2d 654) (1971) (affirming the board's decision not to award fees by a vote of 6-3 on the basis that "it cannot be said that the actions of the employer here were 'so palpably without merit as to demand a finding' that its motion for a change of condition hearing 'was frivolous and unfounded' " notwithstanding the dissent's argument that "it is clear and uncontradicted that the employer stopped compensation payments for more than five weeks without any justification whatever"); *Wilson v. Maryland Cas. Co.*, 71 Ga. App. 184, 191 (30 SE2d 420) (1944) ("[The full board's] finding, that the action had not been defended without reasonable ground, is supported by evidence, as [a physician] testified . . . that 'he thought the claimant would be able to return to work in about 10 days or two weeks and . . . was an able-bodied man.' ").

Where the question is whether a party had reasonable grounds for a legal argument, this court treats the matter as a question of law and therefore applies de novo review. See *City of Atlanta v. Sumlin*, 258 Ga. App. 643, 647 (2) (574 SE2d 827) (2002) ("Because these arguments demonstrate that the statute contains a degree of ambiguity and conflict which had never been previously interpreted by the appellate courts, the City's position was not 'without reasonable grounds' and it should not be penalized for seeking clarification of the statute."); *City of Atlanta v. Spearman,* 209 Ga. App. 644, 646 (2) (434 SE2d 87) (1993) ("As a matter of law, we find that the City's

defense that the injury did not arise out of Spearman's employment was not unreasonable and that the award of attorney fees regarding this defense was improper."); *Goode Bros. Poultry Co. v. Kin*, 201 Ga. App. 557, 561 (3) (411 SE2d 724) (1991) ("[A]lthough appellants' defense . . . was unsuccessful, it was, as a matter of law, not unreasonable.").

I recognize that all of those cases hold that an award of attorney fees under OCGA § 34-9-108 (b) (1) was not authorized. I have found no cases in which we have directed that an award of attorney fees be entered or reinstated.

The statute provides that "the administrative law judge or the board may assess" attorney fees. OCGA § 34-9-108 (b) (1). There is precedent in Georgia law for concurrent authority. *Perdue v. Baker*, 277 Ga. 1 (586 SE2d 606) (2003). The plain language of the statute vests concurrent discretionary authority in both the ALJ and the Appellate Division to award attorney fees in proper cases. This is a proper case.

The Appellate Division deleted the following language from the ALJ's decision:

> I find the insurer has defended the claimant's claim for payment of temporary total disability income benefits without reasonable grounds. Therefore, I find the claimant's attorney's fees will be assessed against the insurer. See OCGA § 34-9-108 (b) (1).
>
> I find the insurer failed to comply with the provisions of [OCGA §] 34-9-221, and I find no reasonable grounds for the insurer's failure to comply with the provisions of that Code section. The claimant has had to engage the services of his attorney to enforce his rights under that Code section. I find the reasonable quantum meruit fee of the claimant's attorney will be assessed against the insurer. See OCGA § 34-9-108 (b) (2).

In the next paragraph, the Appellate Division left intact the ALJ's conclusion that a reasonable quantum meruit fee is $12,690 and the findings in support of that conclusion; but it deleted the ALJ's final sentence: "This amount will be assessed against the insurer, to be paid without deduction from benefits payable to the claimant."

Even under the any-evidence standard we must reverse the Appellate Division's rejection of the ALJ's finding that the claimant needed and retained counsel to assert this claim. The rest of the excised material is conclusions of law. Consequently the courts owe the Appellate Division no deference.

The ALJ correctly held that an award of attorney fees was

authorized. The record contains no justification for the insurer's failure to timely give notice, as required by OCGA § 34-9-221, that it was controverting the insured's claim for benefits. The insurer's legal argument is that — having accepted premiums from a self-employed worker — it was entitled to refuse to pay disability benefits because the claimant did not pay himself a formal wage, but paid both business and personal expenses from a single checking account. That argument flies in the face of the fundamental principle of workers' compensation law that "[a]lthough the Workers' Compensation Act is in derogation of common law, it is highly remedial in nature. It must be construed liberally in favor of the claimant in order to accomplish its beneficent purposes." (Punctuation omitted.) *CGU Ins. Co. v. Sabel Indus.*, 255 Ga. App. 236, 243 (2) (564 SE2d 836) (2002). See also *Homebuilders Assn. of Ga. v. Morris*, 238 Ga. App. 194, 196-197 (518 SE2d 194) (1999) (same). Prominent among those beneficent purposes is "provid[ing] immediate financial assistance to injured employees." *Ayers v. Rembert*, 241 Ga. App. 698, 701 (527 SE2d 290) (1999). Indeed the insurer's argument flies in the face of fundamental principles of contract law: "The cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." OCGA § 13-2-3. And more fundamentally still, "[t]he law abhors forfeiture." *Holden v. Smith*, 236 Ga. App. 205, 207 (511 SE2d 569) (1999).

I would affirm the judgment of the superior court, which reinstated the award entered by the administrative law judge.

DECIDED JUNE 22, 2011.

*Gerald R. Ryan, Jr.*, for appellants.
*Robert L. Lambert, Jr.*, for appellee.
*Marci R. Rosenberg, Kenneth A. Smith, Christopher B. Scott*, amici curiae.