A08A1865. TAYLOR v. PEACHBELT PROPERTIES, INC.
(667 SE2d 117)

BLACKBURN, Presiding Judge.

Brenda Joyce Taylor appeals the superior court's refusal to amend its judgment outside the term of court and its refusal to issue a writ of execution based on court-ordered workers' compensation payments that Taylor's employer Peachbelt Properties, Inc. failed to pay. We hold that the superior court correctly concluded that it lacked authority to amend the judgment outside the term of court, but that the superior court erred in refusing to issue a writ of execution for the payments that became due during the seven years preceding the request for a writ of execution. Accordingly, we affirm in part and reverse in part.

The key facts are undisputed, and the only questions before us are questions of law. Accordingly, we owe no deference to the superior

court's ruling and apply the "plain legal error" standard of review. *Suarez v. Halbert.*[1]

The record shows that in 1994, the State Board of Workers' Compensation found that Taylor was totally disabled by a workplace injury and awarded Taylor her medical expenses and travel reimbursement, with a further order that her uninsured employer Peachbelt pay her a weekly disability benefit payment of $127.90 (plus attorney fees and penalties). Pursuant to OCGA § 34-9-106, Taylor successfully petitioned the local superior court to enter a judgment against Peachbelt that tracked the language of the workers' compensation award, which resulted in a February 28, 1995 judgment adopting the essential features of this award. See *Wade v. Harris*[2] ("[i]n an OCGA § 34-9-106 proceeding, the superior court's role is very narrow. It is to render judgment on the award and notify the parties"). Specifically, as provided in the Board's award, the superior court awarded a lump sum to Taylor of $37,747.08 (consisting of medical expenses, travel reimbursement, and past due disability payments) and ordered that Peachbelt pay Taylor $127.90 per week (plus specified amounts for attorney fees and penalties) "until modified or terminated in accordance with law." On April 3, 1995, Taylor obtained a writ of fieri facias in the lump sum amount of $37,747.08, which was entered on the general execution docket that same day.

Although the judgment remained unpaid, including both the past due lump sum amount and the continuing periodic payments, Taylor pursued no collection efforts for almost ten years until February 23, 2005, when Taylor filed a complaint in Houston County Superior Court to revive the lump sum judgment of $37,747.08 plus accrued interest, which had become dormant on April 4, 2002. See OCGA § 9-12-60 (a) (2). While noting that weekly benefits continued to accrue under the judgment, for revival purposes Taylor focused only on the lump sum portion of the judgment and prayed "that her judgment entered on February 28, [1995] which became dormant on February 28, 2005 [sic][3] be revived by the Complaint for $37,747.08 together with interest in the amount of $48,984.10." The court granted the prayer, ordering the judgment to be "revived for the sum of $37,747.08 principal and $49,448.68 interest from date of judgment" and further ordering that execution be issued on this

---

[1] *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

[2] *Wade v. Harris*, 210 Ga. App. 882, 885 (1) (437 SE2d 863) (1993).

[3] In actuality, the lump sum portion of the judgment became dormant on April 4, 2002, which was the day after the seven years had expired following issuance of the execution thereon and its recordation on April 3, 1995. See OCGA § 9-12-60 (a) (2).

amount.[4] On April 6, 2006, a writ of fieri facias in the requested amount of $87,195.76 issued, which resulted in garnishment proceedings that satisfied the amount.

On July 27, 2007, Taylor moved the Houston County Superior Court to issue a new writ of execution for the aggregate amount of the 647 weekly disability payments (which had never been paid) from the date of the original 1995 judgment through July 25, 2007, which combined with interest and penalties totaled to $205,145.18. As part of this motion, Taylor sought to amend the 2006 judgment (which had revived the 1995 lump sum judgment) to include language reviving that portion of the 1995 judgment that referenced the continuing periodic payment obligations. Finding that Taylor had only requested the revival of the lump sum judgment in her petition to revive, and that the court lacked the power to amend its 2006 judgment outside the term of court, the Houston County Superior Court denied the motion in its entirety, giving rise to this appeal.

1. Taylor first argues that the court erred in failing to amend the 2006 judgment to include language reviving that portion of the 1995 judgment referencing the continuing weekly disability payment obligations. We disagree.

> Although a trial judge has inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of a sound legal discretion, this authority does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court.

(Punctuation omitted.) *Tanaka v. Pecqueur*.[5] Thus, "[a]fter the expiration of the term at which a judgment or decree was rendered, it is out of the power of the court to amend it in any matter of substance or in any matter affecting the merits." (Punctuation omitted.) *Rogers v. Rigell*.[6]

Here, the order reviving that portion of the 1995 judgment referencing the lump sum was entered on January 27, 2006. The term of the Houston County Superior Court ended on April 2, 2006 (the day before the first Monday in April). See OCGA § 15-6-3 (21).

---

[4] Although there are indirect indications that Taylor's counsel (now deceased) prepared this order reviving the dormant judgment in the referenced amount, nothing in the record is definitive on this issue. Because the superior court did not make a finding on this question, we do not address same in this opinion.

[5] *Tanaka v. Pecqueur*, 268 Ga. App. 380, 381-382 (1) (601 SE2d 830) (2004).

[6] *Rogers v. Rigell*, 183 Ga. 455, 456 (188 SE 704) (1936).

Taylor did not file the motion to amend the judgment until July 27, 2007. As this motion sought to amend the 2006 judgment so as to revive additional portions of the 1995 judgment, we agree with the superior court that the motion was attempting to amend the 2006 judgment in a substantive manner, which the superior court could not do outside the term of court.

Taylor argues that the rule against amendments outside the term of court has exceptions that apply here. First, citing OCGA § 34-9-106, Taylor contends that the superior court must amend or modify judgments, even outside the term of court, when presented with a certified copy of a decision of the Board that ends, diminishes, or increases a weekly payment. See *Brown v. Liberty Mut. Ins. Co.*[7] However, Taylor did not present such an order from the Board (nor does Taylor contend such an order even exists), and thus this exception does not apply.

Second, citing OCGA §§ 9-12-14 and 15-1-3 (6), Taylor urges that a court has authority outside the term of court to amend a judgment so as to make it conform to the truth. Specifically, "[a] judgment may be revised or amended . . . at a term subsequent to that at which the judgment was rendered, so as to make the judgment speak the truth of the decision that was actually rendered." (Punctuation omitted.) *Floyd v. Springfield Plantation &c.*[8]

Here, the 2006 judgment granted to Taylor exactly that which she requested in her complaint: the judgment revived the lump sum portion of the 1995 judgment. It did not revive any other portions of the judgment which had become dormant, as Taylor did not request that the court do so. The superior court expressly (and correctly) found that Taylor had made only a limited request, and that it had granted that request. Thus, the judgment spoke the truth and conformed to the pleadings. Taylor's 2007 out-of-term motion to amend that 2006 judgment to revive additional portions of the 1995 judgment was therefore seeking to amend that 2006 judgment to grant a previously unsought request, which the court had no power to do outside the term in which the judgment was entered. For these reasons, the superior court did not err in refusing to modify the 2006 judgment.

2. Taylor argues that the superior court erred in denying its motion for a new writ of fieri facias that would have levied for sums unpaid as weekly disability payments since the entry of the 1995 judgment. We agree with Taylor that the superior court should have issued such a writ with regard to sums accruing during the seven

---

[7] *Brown v. Liberty Mut. Ins. Co.*, 113 Ga. App. 490 (148 SE2d 436) (1966).
[8] *Floyd v. Springfield Plantation &c.*, 245 Ga. App. 535, 537 (4) (538 SE2d 455) (2000).

years prior to the motion, as those sums were not dormant; however, as to sums that became due before the seven-year mark, those sums had become dormant and as unrevived sums could not become the subject of the new writ.

OCGA § 9-12-60 (a) provides in pertinent part:

> A judgment shall become dormant and shall not be enforced:
>
> (1) When seven years shall elapse after the rendition of the judgment before execution is issued thereon and is entered on the general execution docket of the county in which the judgment was rendered;
>
> (2) Unless entry is made on the execution by an officer authorized to levy and return the same and the entry and the date thereof are entered by the clerk on the general execution docket within seven years after issuance of the execution and its record. . . .

Based on subparagraph (2), the lump sum portion of the judgment (on which a writ of execution was issued and recorded) became dormant upon the expiration of seven years after the issuance of the writ of execution and its recordation, as no officer made any entries on the writ. As to the portion of the judgment referencing the weekly disability payments, no writ was issued on this portion, so subsection (1) rather than subsection (2) would apply to determine dormancy.

However, as these were continuing weekly obligations, the date on which each became due was different, which situation the Supreme Court of Georgia addressed in discussing alimony orders paid in installments in *Bryant v. Bryant*:[9]

> We conclude that alimony judgments, like all other judgments, are subject to and controlled by our dormancy and revival statutes and any applicable statute of limitation. This means that a lump-sum alimony judgment is dormant after the expiration of seven years and is not subject to revival after the expiration of ten years. However, with respect to instalment-payment alimony judgments, instalments that became due within seven years preceding the issuance and recording of the execution are collectible and enforceable, and instalments that are dormant, having become due seven to ten years prior to the filing of a revival

---

[9] *Bryant v. Bryant*, 232 Ga. 160, 163 (205 SE2d 223) (1974).

action, are subject to being revived through the applicable statutory revival procedure.

(Citation omitted.)

Under these principles, the weekly payments that became due within seven years of Taylor's July 27, 2007 filing of the motion for a writ of fieri facias were collectible and enforceable. See, e.g., *Wood v. Wood*.[10] See also *Brown v. Brown*.[11] The court's obligation when faced with a request for a writ of execution on the preceding seven years in missed periodic payments was to issue the writ in the aggregate past-due amount, even if this request were sought ex parte. See *Ayers v. Rembert*.[12] See generally OCGA § 9-13-4. "The function of the superior court is administrative and equivalent to the determination of an amount due under a former final periodic-payment judgment." (Punctuation omitted.) *Ayers*, supra, 241 Ga. App. at 699. See *West Point Pepperell v. Springfield*.[13] The superior court erred in failing to do so here.

However, as to those periodic payments that became due prior to the seven-year period (as calculated from the date the July 27, 2007 motion for a writ was filed), those amounts had become dormant. See *Bryant*, supra, 232 Ga. at 163. Accordingly, unless revived, those amounts were uncollectible and unenforceable. Id. "When any judgment obtained in any court becomes dormant, the same may be renewed or revived by an action or by scire facias, at the option of the holder of the judgment, within three years from the time it becomes dormant." OCGA § 9-12-61.

Here, Taylor did not seek to revive those amounts in her revival complaint but rather only sought to revive the lump sum portion of the 1995 judgment. Accordingly, the court only revived the lump sum portion and was later without power to amend its 2006 revival judgment to include these periodic payments when Taylor filed a motion to amend outside the term of court. As these payments that became due prior to July 27, 2000 were not revived and remained dormant, the court properly refused to issue a writ of execution on those amounts. See *Brown*, supra, 269 Ga. at 727 (2).

In summary, the superior court did not err in refusing to amend its 2006 judgment to revive the portions of the 1995 judgment that concerned periodic payments, as the motion to amend was filed after the term of court in which the 2006 judgment was entered. Nor did the superior court err in refusing to issue a writ of execution for

---

[10] *Wood v. Wood*, 239 Ga. 120, 121 (6) (236 SE2d 68) (1977).
[11] *Brown v. Brown*, 269 Ga. 724, 727 (2) (506 SE2d 108) (1998).
[12] *Ayers v. Rembert*, 241 Ga. App. 698, 699 (527 SE2d 290) (1999).
[13] *West Point Pepperell v. Springfield*, 238 Ga. 655, 656 (235 SE2d 24) (1977).

those periodic payments that became due before July 27, 2000, as those payments had become dormant and had not been revived. However, the superior court did err in refusing to issue a writ of execution for those periodic payments (plus associated attorney fees, penalties, and interest) that became due after July 27, 2000, as those payments had not become dormant and the court was administratively obligated to issue a writ thereon.

*Judgment affirmed in part and reversed in part. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 15, 2008.

*Brian J. Passante*, for appellant.
*Marshall, Lindley & Powell, Julius A. Powell, Jr.*, for appellee.