S10F1810, S10F1811. TREMBLE v. TREMBLE (two cases).
(706 SE2d 453)

MELTON, Justice.

Debra Tremble ("Wife") and Lamar Tremble ("Husband") were married on March 23, 1974, and Wife filed for divorce in the Superior Court of Bulloch County on May 12, 2006. Following a jury trial, on July 17, 2009, the trial court entered a Final Judgment and Decree of Total Divorce reflecting the jury's award. After the trial court's term expired, the trial court then entered another Final Judgment and Decree of Total Divorce on September 14, 2009, that was, on its face, identical to the previous order that the court had entered on July 17, 2009. Husband filed a motion for new trial, challenging the substance of the trial court's September 14, 2009, Final Decree, and Wife filed a motion to set aside the September 14 Final Decree, arguing that the trial court did not have jurisdiction to enter this order. The trial court denied both motions in an order dated January 26, 2010, prompting these consolidated appeals.[1] In Case No. S10F1810, Husband contends that the trial court erred in denying his motion for new trial; and in Case No. S10F1811, Wife contends that the trial court erred in denying her motion to set aside the September 14, 2009 Final Decree. For the reasons set forth below, we

---

[1] We granted the parties' applications for discretionary appeal in this divorce case pursuant to this Court's Family Law Pilot Project, under which this Court will grant all non-frivolous discretionary applications seeking review of a final decree of divorce. *Maddox v. Maddox*, 278 Ga. 606 (604 SE2d 784) (2004).

hold that the trial court erred in denying Wife's motion to set aside the September 14 order, and that accordingly, the trial court's September 14 order must be vacated. In light of our holding in Case No. S10F1811 that the trial court's September 14 order must be vacated, we further hold that Husband's appeal challenging the substance of that order must be dismissed.

The record reveals that, following a May 5-7, 2008 jury trial, the trial court entered an unsigned Final Judgment and Decree of Total Divorce on June 18, 2009. On July 10, 2009 Husband's counsel attempted to file a motion for new trial to challenge this unsigned order. However, because the judgment was not signed and thus not final, the clerk did not stamp file the motion.

On July 17, 2009, the trial court issued a signed Final Judgment and Decree, which reflected the jury's award and incorporated a Qualified Domestic Relations Order (QDRO) that "effectuate[d] the award of a portion of [Husband's] Georgia Pacific LLC 401(k) Retirement Savings Plan to [Wife]."[2] According to an affidavit by Teresa Tyler, the Deputy Clerk of the Bulloch County Superior Court, the motion for new trial that Husband had attempted to file in response to the unsigned June 18, 2009 Final Decree "was inadvertently never file stamped and made part of the official Court record" but "should" have been. In any event, officially, no motion for new trial was filed following the entry of the July 17, 2009 Final Decree.

On September 14, 2009, the trial court entered another Final Judgment and Decree of Total Divorce, which was identical to the July 17, 2009 Final Decree, except that it did not have the QDRO attached to it. However, the September 14 order refers to the QDRO in exactly the same manner as the July 17 order, implying that it should have been attached. Specifically, section II (F) of the September 14 Final Judgment provides: "The Qualified Domestics Relations Order (QDRO) attached hereto shall be entered in order to effectuate the award of a portion of [Husband's] Georgia Pacific LLC 401(k) Retirement Savings Plan to [Wife]." After entry of the September 14, 2009 order, Husband filed another motion for new trial, and Wife filed a motion to set aside the September 14, 2009 judgment. The trial court denied Wife's motion, finding that the September order was made pursuant to OCGA § 9-11-60 (g), which provides for the correction of "[c]lerical mistakes" in orders, even outside of the term of court within which the original order was issued.

---

[2] There is no evidence of record that the trial court did not give Husband proper notice of this July 17, 2009 order.

*Case No. S10F1811*

1. Wife contends that the trial court erred by entering a second Final Decree of Divorce on September 14, 2009, after the term of court in which the July 17, 2009 Final Decree had been entered had already expired.[3] We agree.

A judge's power to "revise, correct, revoke, modify, or vacate" a judgment "does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court." *Taylor v. Peachbelt Properties, Inc.*, 293 Ga. App. 335, 337 (1) (667 SE2d 117) (2008). Here, it is undisputed that no motion to modify or vacate the July 17, 2009 order was filed within the same term of court that the order was issued. However, pursuant to OCGA § 9-11-60 (g), "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Thus, "clerical errors [and] irregularities in the judgment, if they appear on the face of the record, may be corrected [by the trial court even] after the expiration of the term." *Bank of Tupelo v. Collier*, 192 Ga. 409, 412 (15 SE2d 499) (1941).

Here, Husband claims that the trial court clerk committed a "clerical mistake" by failing to stamp file the premature motion for new trial that he attempted to file seven days before the trial court issued its July 17, 2009 Final Decree. Husband asserts that the trial court was authorized to "correct" this clerical mistake by issuing the September 14, 2009 order that gave him the opportunity to file a new motion for new trial. Husband is incorrect.

As an initial matter, pretermitting the question whether the trial court clerk made a mistake by failing to stamp file Husband's premature motion for new trial on July 10, 2009, "[a] motion for new trial [that is] filed prior to the entry of the judgment on the verdict . . . [is] premature and invalid[, and] [n]o amendment [can] be filed to such [a] void motion." (Citation omitted.) *Harrison v. Harrison*, 229 Ga. 692 (1) (194 SE2d 87) (1972). Furthermore, assuming without deciding that the clerk made a "clerical mistake" by failing to later stamp file the premature motion for new trial as a "response" to the trial court's July 17 order, such a clerical mistake could not be "corrected" by the trial court issuing a second Final Divorce Decree after the May term of court had ended. Indeed, in order for a clerical mistake to be corrected, the clerical mistake must appear and be corrected in the actual "judgment[ ], order[ ], or other

---

[3] The court terms for the Superior Court of Bulloch County begin on the first Mondays in February, May, August, and November. OCGA § 15-6-3 (30) (A).

part[ ] of the record" in which the mistake has arisen. OCGA § 9-11-60 (g). Here, there were no clerical mistakes made with respect to the July 17 order itself. There is no indication that "words, sentences, or paragraphs [were] omitted" from the July 17 judgment, or that there was any error in processing this original judgment. *Park v. Park*, 233 Ga. 36, 38 (209 SE2d 584) (1974).[4] There were no typos to be corrected in the July 17 order (as evidenced by the trial court issuing an identical order on September 14), and there is no evidence that the trial court failed to give Husband proper notice of the July 17 Final Decree.[5] Regardless of the fact that the trial court clerk may have intended to stamp file Husband's premature July 10, 2009 motion for new trial as his response to the July 17, 2009 Final Decree, the fact remains that Husband never took the steps to file a timely motion for new trial *after* the trial court entered its July 17 order. In any event, the alleged mistake by the clerk, if any, related to her failure to file Husband's premature motion for new trial, and had nothing to do with any alleged clerical errors in the trial court's July 17 order. Accordingly, the trial court could not "correct" any mistake relating to the handling of Husband's motion for new trial by issuing a "corrected" September order that was based on a July 17 order that contained no clerical mistakes. See OCGA § 9-11-60 (g). It follows that the trial court had no authority to enter the September 14, 2009 Final Decree, and that this order must therefore be vacated. See *Andrew L. Parks, Inc. v. Suntrust Bank*, 248 Ga. App. 846 (545 SE2d 31) (2001).

### Case No. S10F1810

2. In light of our disposition in Case No. S10F1811 that the trial court's September 14 order must be vacated, Husband's appeal challenging the substance of that order must be dismissed.

*Judgment vacated in Case No. S10F1811. Appeal dismissed in Case No. S10F1810. All the Justices concur.*

DECIDED FEBRUARY 28, 2011.

---

[4] Indeed, the September 14 order issued by the trial court contained the same language as the original July 17 order, and ostensibly was supposed to include the identical QDRO that had been referenced in the July 17 order.

[5] Although Husband argues that Wife failed to give him proper notice of the trial court's July 17 order, this assertion is not supported by the record. There is no evidence of record that Husband was not given proper notice of the July 17, 2009 order. See, e.g., OCGA § 15-6-21 (c) ("[I]t shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision"). It cannot be said that Husband was prevented by the trial court clerk from filing a timely motion for new trial after the trial court issued the July 17, 2009 Final Decree.

*Hall & Kirkland, Martha C. Hall*, for Lamar Tremble.
*H. Lehman Franklin, Jr.*, for Debra Lanier Tremble.