**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 23, 2016**

# In the Court of Appeals of Georgia

A15A2389. DAVIS et al. v. CRESCENT HOLDINGS & INVESTMENTS, LLC.

RAY, Judge.

In this discretionary appeal, attorney Douglas J. Davis and his law firm, Belli Weil Grozbean & Davis, LLC, seek review of the trial court's order denying, inter alia, their motion to set aside an amended award of attorney fees that was assessed against them. Specifically, they allege that the trial court erred (1) in finding that their motion to set aside was untimely; and (2) in finding that the original order awarding attorney fees was properly amended to name them as sanctionable parties. For the reasons that follow, we reverse.

Generally, we review a trial court's ruling on a motion to set aside for abuse of discretion. However, where the facts are undisputed and the issues presented on

appeal involve questions of law, we review the trial court's ruling de novo. See *Barner v. Binkley*, 304 Ga. App. 73, 74-75 (1) (695 SE2d 398) (2010).

The record shows that Davis filed a lawsuit on behalf of his client, Jay Phillip Grund, seeking to set aside a sheriff's sale of Grund's properties to Crescent Holdings & Investments, LLC ("Crescent"). At the time the lawsuit was filed, and for most of the proceedings thereafter, Davis's law firm operated as a limited liability partnership, to wit: Belli, Weil, Grozbean & Davis, LLP ("BWGD, LLP").

After several judges within the Cobb Judicial Circuit recused themselves from the case, the trial court eventually entered summary judgment in favor of Crescent. Thereafter, on August 12, 2011, Crescent filed a motion for attorney fees pursuant to OCGA §§ 13-6-11 and 9-15-14 (a) and (b). In its motion, Crescent alleged that "[the] Plaintiff's allegations and claims lacked substantial justification, and the Plaintiff's litigiousness unnecessarily expanded the proceedings and caused . . . Crescent unnecessary trouble and expense." Referencing several examples of dilatory tactics, Crescent also alleged that "[c]ounsel for Plaintiff displayed a regular and systematic habit of delay and needless litigousness (sic)[,]" and that "[Crescent] was forced to expend significant resources on attorneys to defend this matter, which could not survive summary judgment, once a hearing was allowed to occur."

2

While Crescent's motion for attorney fees was pending, in 2012 Davis reorganized his law firm into a limited liability company, to wit: Belli Weil Grozbean & Davis, LLC (BWGD, LLC). The trial court held a hearing on Crescent's motion for attorney fees on January 28, 2013, and Davis failed to appear. The trial court entered an order granting Crescent's motion on March 5, 2013, assessing attorney fees against Grund and BWGD, LLP, jointly and severally.[1] Thereafter, Davis filed a motion on behalf of his client seeking to set aside the award of attorney fees. Davis later filed a motion on behalf of himself and BWGD, LLC, seeking to withdraw as counsel of record for Grund.[2] On October 7, 2013, the trial court entered a final order denying the motion to set aside the award of attorney fees, specifically directing the Clerk of Superior Court to close the case. The above-referenced orders regarding the trial court's original award of attorney fees to Crescent were not appealed.

---

[1] Crescent did not object to the form of this order or seek any modification within the judicial term in which it was entered.

[2] In one of these motions, Davis referred to his law firm as BWGD, LLP, and in the other, he referred to his law firm as BWGD, LLC. In both motions, the physical address for the law firm was the same.

3

Almost a year later, on August 22, 2014, the trial court entered an amended order on the issue of attorney fees "to correct an error found in the original [o]rder[.]" In the amended order, the trial court substituted BWGD, LLC for BWGD, LLP and added Davis as a sanctionable party, assessing the award of attorney fees against Grund, BWGD, LLC, and Davis, jointly and severally. Davis and BWGD, LLC then filed a motion to set aside the amended order contending, inter alia, that the trial court lacked the authority to substantively amend the original award of attorney fees outside the term of court in which it was entered. The trial court denied the motion, and this discretionary appeal ensued.

1. In their first enumeration of error, Davis and BWGD, LLC contend that the trial court erred in finding that their motion to set aside the amended order was untimely filed. Although the trial court did make such a finding in its order denying the motion to set aside, it went on to address and rule on the merits of the motion. Accordingly, the issue presented in this enumeration is moot.

2. In related enumerations of error, Davis and BWGD, LLC contend that the trial court erred in denying the motion to set aside the amended order based on its finding that the court was authorized to amend the original order awarding attorney fees outside the term of court in which it was entered. We agree.

4

A trial judge's inherent power to revise, correct, or modify a judgment "does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court." (Citation and punctuation omitted.) *Tremble v. Tremble*, 288 Ga. 666, 668 (1) (706 SE2d 453) (2011). Here, Crescent did not file a motion to modify or reconsider the original order awarding attorney fees within the term of court. Although "clerical errors and irregularities in the judgment, if they appear on the face of the record, may be corrected by the trial court even after the expiration of the term[,]" *Tremble*, supra (citation and punctuation omitted), the trial court cannot amend a judgment in any matter of substance after the expiration of the term of court in which it was rendered. See *Taylor v. Peachbelt Props., Inc.*, 293 Ga. App. 335, 337 (1) (667 SE2d 117) (2008).

Here, the record shows that Crescent sought an award of attorney fees against Grund and BWGD, LLP only. This is evident by the fact that BWGD, LLC did not exist at the time the motion for attorney fees was filed and, thus, could not have been involved in any of the sanctionable conduct. Moreover, Crescent prepared the original order awarding attorney fees that the trial court entered, and the order specifically states that the attorney fees were to be assessed against Grund and BWGD, LLP. Had Crescent intended to seek attorney fees from BWGD, LLC or from Davis personally,

5

it could have amended its motion for attorney fees or named them as sanctionable parties in its proposed order. Crescent did neither. Instead, the original order was amended approximately one year later, well outside the term of court, to assess attorney fees against Davis and BWGD, LLC in place of BWGD, LLP.[3]

In its ruling on the motion to set aside the amended order, the trial court concluded that the amendment was merely the correction of a misnomer and that it made no substantive changes to the original order. We disagree.

As a partnership, BWGD, LLP is an entity capable of being sued by a third party for any wrongful act of a partner who is acting in the ordinary course of the business of the partnership. OCGA § 14-8-13; see also OCGA § 14-8-15 (c) (a limited liability partnership may be held liable for a partner's errors, wrongful acts, or misconduct). Thus, Crescent was entitled to recover attorney fees in this case directly from BWGD, LLP, as originally ordered. The substitution of BWGD, LLC for BWGD, LLP and the addition of Davis in the amended order was not merely the correction of a misnomer; it was the addition of new parties. Changing the parties to be sanctioned in an award of attorney fees is a substantive modification. See generally

_____

[3] Under OCGA § 15-6-3 (11), the court terms for the Cobb Judicial Circuit begin on the second Monday in January, March, May, July, September, and November.

*Kent v. Mitchell*, 319 Ga. App. 115, 115-116 (735 SE2d 110) (2012) (where plaintiff obtained an arbitration award against a law firm, the trial court in the subsequent confirmation action was not authorized to enter judgment against the individual attorney, as the change in parties in the judgment was a substantive modification of the arbitration award).

Here, when the trial court entered the amended order substituting BWGD, LLC for BWGD, LLP and adding Davis as sanctionable parties, it substantively modified the attorney fees award, and the trial court lacked the authority to do so outside the term of court of the original order. See *Taylor*, supra at 337 (1).[4]

For the above reasons, the trial court erred in denying BWGD, LLC and Davis's motion to set aside the amended order.

*Judgment reversed. Barnes, P. J., and Peterson, J., concur.*

---

[4] In ruling herein, we in no way mean to imply that Davis or BWGD, LLC would not have liability for the debts of BWGD, LLP under any alternative theory, such issue which is not presented in this appeal.