**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

June 15, 2022

# In the Court of Appeals of Georgia

A22A0417. L. SCOTT BORN et al. v. BRUCE G. BORN et al.

DILLARD, Presiding Judge.

Bruce Born and his wife, Phyllis ("plaintiffs"), filed a lawsuit against their son, L. Scott Born, and his wife, Lisa ("defendants"), seeking a writ of possession as to property they owned and related damages. The defendants filed an answer and counterclaims, alleging several equitable defenses and that the plaintiffs gifted them the property. Upon the plaintiffs' motion, the trial court granted partial summary judgment to them as to the defendants' claim that the property was a gift, as well as to the defendants' claims for specific performance, and it issued the plaintiffs a writ of possession. Thereafter, the defendants filed an application for an interlocutory appeal, which we denied. In doing so, this Court noted that the defendants had the

right to a direct appeal under OCGA § 9-11-56 (h), but because their application was untimely, we lacked jurisdiction and, thus, it was subject to dismissal.

Following that dismissal, the trial court—at the defendants' behest—modified its previous order and immediately issued an order similarly granting partial summary judgment to the plaintiffs but now declining to issue a writ of possession. The defendants then filed this timely appeal of that order, arguing the trial court erred in ruling (1) the Statute of Frauds barred the defendants' claim that the plaintiffs gifted them the property, and (2) their equitable defenses were inapplicable. In response, the plaintiffs contend our dismissal of the defendants' prior interlocutory application affirmed the trial court's initial grant of partial summary judgment, and thus, the doctrine of *res judicata* barred the defendants' motion to modify or set aside that ruling and their current appeal. The plaintiffs alternatively argue that if the trial court's order setting aside the initial summary judgment order is not barred, the court erred in now denying them a writ of possession. For the reasons set forth *infra*, we vacate the trial court's order modifying or setting aside its initial grant of partial summary judgment and remand the case for further proceedings consistent with this opinion.

2

Viewed in the light most favorable to the defendants,[1] the record shows that in 1985, the plaintiffs acquired a residence on an 11-acre tract of property located at 459 Bandy Lane in Ringgold, Catoosa County, Georgia. In 1994, the plaintiffs executed a promissory note for $94,500 with Equity One and secured the debt with a security deed to the residence and five acres of the property in favor of that institution. Under the terms of the note, the loan was to mature and become due and payable in 2009. Nevertheless, in 1997, the plaintiffs moved from Ringgold to New Orleans, Louisiana, in order to pursue a business venture. Consequently, the property was vacant for several years.

In 2005, the defendants—the plaintiffs' son Scott and his wife Lisa—sold their home and reached an oral agreement with the plaintiffs, whereby the defendants would repair and renovate the 459 Bandy Lane property at their own expense in order to make it suitable as collateral to refinance the Equity One loan. Additionally, the parties agreed that the defendants would live on the property and pay the monthly installments on the prospective refinanced debt. Subsequently, the defendants spent approximately $62,000—as well as a considerable amount of their own

---

[1] *See, e.g.*, *Gresham v. Harris*, 349 Ga. App. 134, 138 (825 SE2d 516) (2019) (reviewing summary judgment by construing the evidence in favor of the nonmovant).

time—repairing and renovating the property. And in 2006, the plaintiffs refinanced the Equity One loan, executing a note for $90,000 and a security deed to the property as collateral for the loan in favor of Regions Bank. The deed also noted that upon payment of the debt the property would be reconveyed to the plaintiffs.

Then, for close to 14 years, the defendants lived on the property and, for the most part, paid the monthly installments on the plaintiffs' Regions Bank loan. But in July 2019, the plaintiffs informed the defendants that they intended to sell the property. And on August 6, 2019, the plaintiffs sent a letter to defendants' counsel, informing counsel that "[a]t best, [the defendants] have a tenancy at will to occupy the Property." The letter further noted that, although the plaintiffs could demand that the defendants vacate the property immediately, the plaintiffs would give them 60 days to do so—*i.e.*, by October 9, 2019. The defendants refused to comply with the demand, claiming that the plaintiffs gifted them the property.

In light of this impasse, on October 16, 2019, the plaintiffs filed a dispossessory action in the Catoosa County Magistrate Court, seeking a writ of possession to the property. The defendants filed an answer and counterclaims, at which point the magistrate court transferred the case to the Superior Court of Catoosa County, as those counterclaims exceeded the former court's subject matter

4

jurisdiction. The plaintiffs then amended their complaint, again seeking a writ of possession, and adding, *inter alia*, claims for breach of contract, conversion, and trespass to bailed property. The defendants filed an amended answer and counterclaims, alleging several equitable defenses and that the plaintiffs gifted them the property. Discovery then ensued.

Following discovery, the plaintiffs filed a motion for partial summary judgment, arguing (1) the defendants' claim that the plaintiffs gifted them the property was barred by the Statute of Frauds, (2) no statutory or equitable exceptions to the Statute of Frauds were applicable, and (3) they were entitled to a writ of possession to the property. On July 12, 2021, the trial court granted partial summary judgment in favor of the plaintiffs, ruling—as the plaintiffs had argued—that the defendants' claim the property was a gift was barred by the Statute of Frauds and no statutory or equitable exceptions to the Statute of Frauds were applicable. The court further ruled that the plaintiffs were entitled to a writ of possession and that it would be effective "at the expiration of seven days after the date of this order." That same day, the trial court also issued a certificate of immediate review, stating incorrectly

5

that the partial grant of summary judgment was not subject to direct appeal.[2] And ten days later, on July 22, 2021, the defendants filed a petition for interlocutory appellate review with this Court.

On the same day the defendants filed the foregoing petition, the Catoosa County Sheriff's Office served them with a notice informing them that the time for challenging the dispossessory warrant—*i.e.*, seven days from the trial court's grant of partial summary judgment—had lapsed and ordered them to immediately vacate the premises. The defendants subsequently filed a motion to stay the writ pending their appeal to this Court. And on July 30, 2021, they filed a motion requesting that the trial court modify, revoke, or reconsider its grant of partial summary judgment, arguing the court had the inherent power to modify its own judgments within the same term of court.

While that motion was pending, on August 19, 2021, this Court issued an order dismissing the defendants' interlocutory application.[3] Specifically, we noted that an

---

[2] *See* OCGA § 9-11-56 (h) ("An order granting summary judgment on any issue or as to any party shall be subject to review by appeal."); *see Trey Inman & Assoc. v. Bank of Am., N. A.*, 306 Ga. App. 451, 455 (1) (702 SE2d 711) (2010) (noting that a grant of partial summary judgment is subject to direct appeal).

[3] *See L. Scott Born et al. v. Bruce Born et al.*, Case No. A22I0005, Order (Aug. 19, 2021).

6

order granting summary judgment on any issue is directly appealable under OCGA § 9-11-56 (h), and that we "will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal."[4] But importantly, we further explained that compliance with the applicable filing deadline is an absolute requirement to confer jurisdiction, and we cannot grant an untimely application.[5] And given that the appeal of any judgment in a dispossessory action must be filed within *seven days* of the date the judgment was entered, the defendants' application filed *ten days* after judgment was untimely and required dismissal based on lack of jurisdiction.[6]

---

[4] *Threatt v. Rogers*, 269 Ga. App. 402, 403 (604 SE2d 269) (2004); *accord Born*, Case No. A22I0005, Order (Aug. 19, 2021).

[5] *See Born*, Case No. A22I0005, Order (Aug. 19, 2021); *State v. Wheeler*, 310 Ga. 72, 76 (3) (849 SE2d 401) (2020) (holding that compliance with statutory deadlines for filing a notice of appeal or an interlocutory application is an absolute requirement for conferring jurisdiction upon the appellate courts of this State); *In the Interest of B. R. F.*, 338 Ga. App. 762, 762 (791 SE2d 859) (2016) (holding that applications for discretionary review must be timely to confer jurisdiction).

[6] *See* OCGA § 44-7-56 (2006) ("Any judgment by the trial court shall be appealable pursuant to Chapters 2, 3, 6, and 7 of Title 5, provided that any such appeal shall be filed within seven days of the date such judgment was entered . . . ."); *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-23 (521 SE2d 456) (1999) (holding that an appeal in a dispossessory case must be filed within seven days of an adverse order).

Immediately after the dismissal, the plaintiffs filed a response to the defendants' motion to modify, revoke, or reconsider its grant of partial summary judgment, arguing that our dismissal of the defendants' application for interlocutory review—attempting to appeal the trial court's grant of partial summary judgment—barred any further review of that issue. Nevertheless, on October 4, 2021, the trial court granted the defendants the relief they requested, modifying its prior order granting summary judgment and then entering a new order identical to the initial grant, with the important exception that it did not award the plaintiffs a writ of possession. The defendants then filed a notice of appeal of that order. Shortly thereafter, the plaintiffs filed an application for interlocutory appeal, seeking to challenge the trial court's grant of the defendants' request to modify the initial partial summary judgment order.[7] We dismissed that application as superfluous, but

---

[7] *See Bruce Born et al. v. L. Scott Born et al.*, A22I0061 (Nov. 9, 2021).

8

explained that as part of their response to the defendants' direct appeal, the plaintiffs would be able to raise their challenges to the trial court's order.[8] This appeal follows.[9]

1. We first address the plaintiffs' contention that our dismissal of the defendants' application for an interlocutory appeal affirmed the trial court's initial grant of partial summary judgment, and thus, the doctrine of *res judicata* bars both the trial court's grant of the defendants' motion to modify the initial summary judgment order and their current appeal. We agree.

It is well established that a trial court has inherent power to revise, correct, or modify a judgment so long as it does so via a motion to modify or vacate filed within the same term of court.[10] Of course, the motion here is essentially a motion to set aside, and "[g]enerally, we review a trial court's ruling on a motion to set aside for

---

[8] *See id.* (citing *Ga. Soc'y of Plastic Surgeons v. Anderson*, 257 Ga. 710, 711 (1) (363 SE2d 140) (1987) (Per Curiam), which held that "a ruling that becomes material to an enumeration of error urged by an appellant may be considered by the appellate court without the necessity of a cross-appeal").

[9] The plaintiffs have also filed a motion to dismiss the defendants' appeal, arguing that the trial court's modification of its initial summary judgment order did not extend the time in which the defendants could appeal.

[10] *See Tremble v. Tremble*, 288 Ga. 666, 668 (1) (706 SE2d 453) (2011) (holding that a trial judge's inherent power to revise, correct, or modify a judgment "does not extend beyond the same term of court, unless a motion to modify or vacate, etcetera, was filed within the same term of court" (punctuation omitted)).

9

abuse of discretion."[11] But when the facts are undisputed and the issues presented on appeal involve questions of law, we "review the trial court's ruling de novo."[12]

As noted *supra*, a grant of partial summary judgment is subject to direct appeal under OCGA § 9-11-56 (h).[13] But against this backdrop, in *Mitchell v. Oliver*,[14] the Supreme Court of Georgia explained that "[i]f the losing party suffers dismissal of his § 9-11-56 (h) appeal for failure to fulfill procedural requirements, the losing party should, in return for his privilege of direct appeal, suffer the same sanction of res judicata which attaches to a final judgment from which a procedurally defective appeal is taken."[15] Consequently, the *Mitchell* Court concluded "that a losing party on summary judgment who puts the machinery of immediate appellate review under OCGA § 9-11-56 (h) into motion, yet commits a procedural default fatal to his appeal,

---

[11] *Davis v. Crescent Holdings & Inv., LLC*, 336 Ga. App. 378, 378 (785 SE2d 51) (2016).

[12] *Id.*

[13] *See supra* note 2 & accompanying text.

[14] 254 Ga. 112 (327 SE2d 216) (1985).

[15] *Id.* at 114 (1); *accord Houston Cty. v. Harrell*, 287 Ga. 162, 163 (695 SE2d 29) (2010).

is foreclosed from thereafter resubmitting the matter for review on appeal of the final judgment."[16]

That is essentially what happened here. The defendants filed an application for interlocutory appellate review, but—as we explicitly noted in the order dismissing that application—they had a right to a direct appeal under OCGA § 9-11-56 (h), and we regularly grant a timely application for interlocutory review if the order complained of is subject to direct appeal.[17] But the defendants' application was untimely—just as a direct appeal would have been at that point—and, therefore, we dismissed it for lack of jurisdiction.[18] Given these circumstances, just as in *Mitchell*, the defendants put the machinery of appellate review into motion under OCGA § 9-11-56 (h) and committed a procedural default. Thus, under *Mitchell*, the defendants are foreclosed from resubmitting the partial grant of summary judgment for review on appeal.[19]

---

[16] *Mitchell*, 254 Ga. at 114 (1); *accord Harrell*, 287 Ga. at 163.

[17] *See supra* note 4.

[18] *See supra* note 6 & accompanying text.

[19] *See Harrell*, 287 Ga. at 163 (holding that plaintiff, whose first appeal from grant of summary judgment in favor of defendant was dismissed because the notice of appeal was not filed within 30 days after the entry of an appealable judgment, was

Nonetheless, the defendants contend that because they incorrectly characterized their attempt to appeal as an interlocutory appeal rather than a direct appeal, our dismissal did not bar the trial court from modifying its initial grant of partial summary judgment. Specifically, citing *Canoeside Properties, Inc. v. Livsey*,[20] they assert that "[a] defective attempt to seek interlocutory review pursuant to OCGA § 5-6-34 (b) does not have the effect of making the judgment appealed from res judicata of the issue."[21] But in stark contrast to *Canoeside*, which involved an attempt to appeal from a *denial* of summary judgment,[22] the dismissal of the defendants' prior appeal is not an example of a defective attempt to seek interlocutory review under OCGA § 5-6-34

procedurally barred from resubmitting the matter for review on a second appeal); *Mitchell*, 254 Ga. at 114 (1) (holding that appellant, having suffered dismissal of his appeal for failure to file a notice of appeal within 30 days of entry of order granting partial summary judgment, was barred by *res judicata* from thereafter resubmitting matter for review after final judgment); *see also Massey v. Massey*, 294 Ga. 163, 164-65 (2) (751 SE2d 330) (2013) (concluding that husband, who had right to seek immediate appellate review of contempt order but made fatal procedural error of failing to also file discretionary application as required, put the machinery of immediate appellate review into motion, such that he was foreclosed from resubmitting the matter for review on appeal of other matters).

[20] 277 Ga. 425 (589 SE2d 116) (2003).

[21] *Id.* at 427 (1) (quoting *Mitchell*, 254 Ga. at 114 (1)).

[22] *See id.* at 425 ("This appeal is from an order denying summary judgment to the defendants . . . .").

(b). As stated in our order dismissing their application, the defendants had a right to *direct* appeal, and despite mischaracterizing it as interlocutory, they clearly sought immediate review of a summary judgment against them. In their application, and as noted in their motion to stay proceedings filed with the trial court (while their application was pending), the defendants sought to place the appellate machinery in motion to *immediately* challenge the grant of the writ of possession so that they would not have to vacate the premises. For them to now claim that their untimely challenge was a mere defective attempt at interlocutory review because they mistakenly characterized it as such elevates form over substance and ignores the fact that "pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature."[23] Indeed, following the defendants' logic, if they had timely filed their application, which we would have granted as a direct appeal, a later dismissal because they failed, for instance, to timely file their appellate brief would nevertheless have no *res judicata* effect simply because they

---

[23] *Forest City Gun Club v. Chatham Cty.*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006).

characterized their appeal as interlocutory in nature.[24] We do not agree that *Canoeside* countenances such a result.

Consequently, this Court's dismissal of the defendants' attempt to place the machinery of immediate appellate review in motion as to the grant of partial summary judgment affirmed that judgment, and the trial court was without authority to modify or set aside that judgment which was *res judicata* between the parties.[25] Accordingly, we reverse the trial court's grant of the defendants' motion to modify, revoke, or

---

[24] *Cf. Ferdinand v City of East Point*, 301 Ga. App. 333, 336-37 (1) (687 SE2d 617) (2009) (holding that appellant who filed direct appeal of grant of summary judgment against him but had appeal dismissed for failure to file a brief was foreclosed from seeking later review of this issue).

[25] *See Harrell*, 287 Ga. at 164 ("A trial court's ruling circumventing the appellate court's dismissal of a direct appeal cannot be permitted; upon return of the remittitur to the trial court after the first direct appeal, the only action which that court had authority or power to take was to make the judgment of the Court of Appeals the judgment of the trial court." (punctuation omitted)); *Williams v. State*, 335 Ga. App. 468, 468-70 (1) (781 SE2d 791) (2016) (holding that this Court's dismissal of appellant's attempt to appeal the denial of his motion to suppress effectively affirmed the trial court's denial and became the law of the case between the parties; accordingly, the trial court lacked the authority to circumvent our prior dismissal by reentering an identical order). *Cf. Canoeside*, 277 Ga. at 526-27 (1) (holding that because appellant's defective attempt to seek interlocutory review under OCGA § 5-6-34 (b) of the denial of a motion for summary judgment did not have the effect of making the judgment appealed from *res judicata*, trial court had authority to vacate its earlier denial and reissue an identical order for the purpose of permitting appellant another appeal).

reconsider its initial grant of partial summary judgment. Upon remand, we direct the trial court to reinstate the previous order, including the grant of the writ of possession.

2. Given our holding in Division 1, *supra*, the plaintiffs' motion to dismiss the defendants' appeal is denied as moot.

*Judgment vacated and case remanded with direction. Mercier and Markle, JJ., concur.*